

**U.S. COMMODITY FUTURES TRADING COMMISSION**
140 Broadway
New York, New York 10005
Telephone: (646) 746-9733
Facsimile: (646) 746-9940

Division of
Enforcement

June 3, 2016

**Filed on ECF**

The Honorable Vernon S. Broderick
U.S. District Court
Southern District of New York
40 Foley Square, Room 415
New York, NY 10007

RE:   <u>U.S. Commodity Futures Trading Commission v. William Byrnes,
et al.</u>, 13 Civ. 1174 (VSB)

Dear Judge Broderick:

We are counsel for plaintiff U.S. Commodity Futures Trading Commission ("CFTC") in
the above-referenced matter. We write to request that discovery be reopened in light of the
production yesterday by defendant New York Mercantile Exchange, Inc. ("NYMEX") – more
than two weeks after the close of all discovery in this case – of over 100 audio recordings
relating to this matter, which were responsive to discovery requests made by the CFTC months
ago.

As the Court is aware, this case arises out of the disclosure of confidential trading
information by defendants Byrnes and Curtin while they were employees of NYMEX. As
alleged in the Complaint, the disclosures are contained in recorded phone conversations between
defendants Byrnes and Curtin with defendant Eibschutz. On August 21, 2015, the CFTC issued
a document request to defendant NYMEX requiring production of "[a]ll telephone records and
recordings concerning communications between Ron Eibschutz and any employee of the CME
[NYMEX] ClearPort Facilitation Desk from January 1, 2008 to September 17, 2010." On
September 21, 2015 NYMEX responded (subject to certain objections) that:

NYMEX has initiated a subsequent review of numbers associated with Mr. Eibschutz
from 2008 through September 17, 2010, to determine if there are additional telephone

The Honorable Vernon S. Broderick
June 3, 2016
Page 2

records or recordings concerning communications between Ron Eibschutz and other employees of the CME Clearport Facilitation Desk. This review is currently underway. NYMEX will produce any additional responsive telephone records or recordings from February 21, 2008 to September 17, 2000 [sic], to the extent they exist.

Moreover, in January 2015 the CFTC requested NYMEX produce "all telephone records and recordings concerning the disclosure of confidential or non-public information by Byrnes and/or Curtin." NYMEX responded on March 9, 2015 that "in connection with its own internal investigation as well as the CFTC's investigation" NYMEX has searched its archived recordings for calls with numbers associated with Mr. Eibschutz from 2008 through the date of Byrnes's termination, had reviewed and produced "recordings to the CFTC that it identified through voice recognition as identifying Mr. Eibschutz and either Byrnes or Curtin." NYMEX stated that it was unaware of any other recordings beyond that which it had produced.

Also of note, as early as December 3, 2010, when the CFTC commenced investigating the disclosures that are the subject of this action, the CFTC requested that NYMEX and its parent company CME Group produce all recorded conversations between Eibschutz and Byrnes, and when NYMEX determined in 2011 that Mr. Curtin had also made disclosures of trades, the CFTC requested that NYMEX produce at that time all recorded conversations between Curtin and Eibschutz as well.

Notwithstanding this, yesterday, June 2, 2016, NYMEX informed the CFTC that it had identified approximately 115 additional audio recordings involving defendant Eibschutz and members of the ClearPort Facilitation desk, including more than 20 calls between Eibschutz and either defendant Byrnes or Curtin, and NYMEX produced those calls to all parties yesterday. According to NYMEX, at least seven of these additional calls between Byrnes, Curtin and Eibschutz contain disclosures of trade details.

Accordingly, the CFTC seeks leave to reopen discovery to (i) take the deposition by June 23, 2016 of a Rule 30(b)(6) witness or witnesses with knowledge of NYMEX's efforts to identify and produce the recordings responsive to the CFTC's discovery requests, including but not limited to why NYMEX did not identify or produce these recordings during the investigation or earlier in discovery, when and how they were discovered, what more may be produced, and the completeness of NYMEX's productions, and (ii) provide the CFTC with additional time to review the 115 additional recordings just produced by NYMEX to determine what further discovery is warranted.

We have conferred with counsel for NYMEX and NYMEX has consented to a Rule 30(b)(6) deposition; we conferred with counsel for defendants Byrnes and Curtin, and those defendants take no position on this application. This request is the fifth extension of time for

The Honorable Vernon S. Broderick
June 3, 2016
Page 3

discovery that the parties have requested.  The parties' prior requests have been granted by the Court.

Thank you for your consideration.

Respectfully submitted,

David W. MacGregor

cc:    Albert L. Hogan III, Esq. (by ECF)
       Samuel F. Abernethy, Esq. (by ECF)
       Robert Herskovits, Esq. (by ECF)