

June 24, 2016

**BY ELECTRONIC FILING**
Hon. Vernon S. Broderick
United States District Court for the
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *U.S. Commodity Futures Trading Commission ("CFTC") v. Byrnes, et al.*, 1:13-cv-01174 (VSB)

Dear Judge Broderick:

      We represent Defendant, William Byrnes, in this action. On June 20, 2016, Plaintiff served a deposition notice on defendant Byrnes pursuant to the Federal Rules of Civil Procedure ("FRCP") Rules 26 and 30. Extensive discovery, including a prior deposition of Mr. Byrnes, has been conducted in this case despite the relatively simple facts involved. As such, we seek an informal conference with the Court to prevent a second deposition of Mr. Byrnes. We submit this Pre-motion Letter pursuant to Local Civil Rule 37.2 and Rule 3 of the Court's Individual Rules & Practices. Counsel for the parties met and conferred by telephone on June 14th, June 22nd and again on June 24nd. Each telephone conference lasted approximately 20 minutes and the parties were unable to resolve this dispute.

      Defendant William Byrnes is a former employee of The New York Mercantile Exchange, Inc., ("CME NYMEX") where he worked on the ClearPort Facilitation Desk. ClearPort is an electronic trading platform that provides clearing and settlement services to customers of CME NYMEX. Byrnes is being accused by the CFTC of violating the provisions prohibiting insider trading in CEA Section 9(e)(1), and CFTC Regulation 1.59(d). Specifically, the CFTC alleges that Mr. Byrnes, by virtue of his access to an internal CME Clearport trade blotter, supplied information to a broker, Ron Eibschutz, regarding historical trades that were conducted using CME Clearport's clearing services. There is no allegation or evidence that anyone used this information for trading purposes.

      The disclosures in question were captured on recorded telephone lines and, prior to June 2, 2016, roughly 900 recorded conversations had been produced in this case. Of these recorded conversations, the CFTC has identified 63 that they allege involve improper disclosures between Byrnes and Eibschutz (the "Disclosure Calls"). On June 2, 2016, CME NYMEX produced an additional 114 recorded conversations. Of these newly produced conversations, five arguably contain instances of Byrnes disclosing historical trade-related information to Eibschutz.

1065 Avenue of the Americas • 27th Floor • New York, New York 10018
T (212) 897-5410 • F (646) 558-0239
www.herskovitslaw.com

   In light of the recent supplemental production by CME NYMEX, the CFTC made a motion on June 3, 2016 (the "CFTC Motion") requesting leave to reopen discovery to:

> (i) take the deposition by June 23, 2016 of a Rule 30(b)(6) witness or witnesses with knowledge of NYMEX's efforts to identify and produce the recording responsive to the CFTC's discovery requests . . . , and (ii) provide the CFTC with additional time to review the 115 additional recordings just produced by NYMEX to determine what further discovery is warranted.

CFTC Motion p. 2 (Dk. 89).  This Court granted that motion (Dk. 90).

   William Byrnes was deposed on November 23, 2015 and the CFTC now seeks a second deposition of Mr. Byrnes.  During the parties meet and confer discussions, Byrnes' counsel offered to provide written discovery for such purposes as authenticating the voices on the recordings and agreed to supplement any written discovery responses if necessary.[1]  The CFTC stated that this offer was insufficient because they see "new issues" in the June 2, 2016 production that require a second examination of Byrnes.  CFTC's Counsel was not willing to elaborate on what those "new issues" are, claiming that such information is protected attorney work product.  The CFTC was willing to limit any subsequent deposition to 2.5 hours.

   As noted above, during Byrnes' first deposition, the CFTC had at its disposal roughly 900 recorded conversations, 63 of which are alleged examples of Byrnes making improper disclosures to Eibschutz.  The CFTC only questioned Byrnes about five of those recorded calls during his first deposition.  It is understandable that the CFTC chose to only address five of the calls during the first deposition because the 63 Disclosure Calls are essentially identical to each other in terms of content.  The precise information disclosed changes from call to call but the nature of the disclosures is the same.  Therefore, while it is true that five new Disclosure Calls have been produced, there is nothing really new about them at all.

   FRCP 30(a)(2)(A)(ii) states that "a party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2): (A) if the parties have not stipulated to the deposition and: (ii) the deponent has already been deposed in the case." FRCP 30(a)(2)(A)(ii).  The CFTC bears the burden of showing that a second deposition is necessary on the basis that new information has been produced that is not duplicative or cumulative of information that was already in its possession at the time of the first deposition.  *See e.g., Dash v. Seagate Tech. (US) Holdings, Inc.*, 2015 WL 4257329, at *6 (E.D.N.Y. July 14, 2015) (moving party failed to persuade the court that a second deposition was necessary when amended interrogatory responses would be sufficient).  In the present case, the CFTC has failed to seek the required leave and a protective order could be granted on that basis alone.  *See e.g., Innomed Labs, LLC v. Alza Corp.*, 211 F.R.D. 237, 240 (S.D.N.Y. 2002) ("Courts within this district have routinely denied motions seeking leave to re-depose a party for failure to comply with Rule [30(a)(2)(A)(ii)].").

---

[1] In fact the CFTC served additional Requests for Admissions on Byrnes on June 23, 2016.

Case 1:13-cv-01174-VSB   Document 92   Filed 06/24/16   Page 3 of 3

June 23, 2016
Page 3 of 3

      Additionally, even if the CFTC had properly sought leave from the Court, allowing leave to conduct a second deposition of Byrnes is not consistent with the mandates of Rule 26(b)(2). While the rules for discovery are liberal, they are ". . . not boundless, and a court may place limits on discovery demands. . ." *Bouchard v. New York Archdiocese*, 2007 WL 2728666, at *3 (S.D.N.Y. Sept. 19, 2007). The court must limit discovery if "the discovery sought is unreasonably cumulative or duplicative," if "the party seeking discovery has had ample opportunity to obtain the information," or if "the burden or expense of the proposed discovery outweighs its likely benefit . . . ." FRCP 26(b)(2)(C). In limiting discovery, a district court abuses its discretion only "when the discovery is so limited as to affect a party's substantial rights." *In re "Agent Orange" Product Liability Litigation,* 517 F.3d 76, 103 (2d Cir. 2008) (*quoting Long Island Lighting Co. v. Barbash*, 779 F.2d 793, 795 (2d Cir. 1985)).

      The second deposition of Mr. Byrnes is inconsistent with FRCP 26(b)(2)(C) and should be precluded because: (1) FRCP limits the taking of depositions and specifically precludes parties from taking a second deposition of a witness unless ordered by the Court, (2) no new information has come to light as a result of the CME NYMEX's recent production and any deposition based upon that production would be cumulative and duplicative, (3) Plaintiff had ample opportunity to question Byrnes about substantively identical phone conversations at his first deposition; and (4) a further deposition of William Byrnes would be burdensome and costly.

      FRCP Rule 26(c) authorizes a federal court to issue protective orders that restrict permissible discovery in order to protect a party "from annoyance, embarrassment, oppression, or undue burden or expense." *Havens v. Metro. Life Ins. Co. (In re Akron Beacon Journal),* 1995 WL 234710, at *10 (S.D.N.Y. Apr. 20, 1995). Byrnes respectfully requests that this court issue such a protective order in this case to prevent a second examination which would be burdensome and unnecessarily cumulative. In the alternative, we request that the CFTC be required to identify what "new issues" have arisen as a result of the June 2, 2016 production and that any subsequent examination of Mr. Byrnes be strictly limited in scope with regard to time and the identified subject matter.

      Yours truly,

      Robert L. Herskovits

cc:    (by electronic filing)
       Counsel of Record