**U.S. COMMODITY FUTURES TRADING COMMISSION**
140 Broadway
New York, New York 10005
Telephone: (646) 746-9733
Facsimile: (646) 746-9940

Division of
Enforcement

June 29, 2016

**Via ECF**

The Honorable Vernon S. Broderick
United States District Court
Southern District of New York
40 Foley Square, Room 415
New York, NY 10007

        RE:    U.S. Commodity Futures Trading Commission v. William Byrnes, et al., 13 Civ. 1174 (VSB)

Dear Judge Broderick:

      We represent plaintiff U.S. Commodity Futures Trading Commission ("CFTC" or "Plaintiff") in the above-referenced matter, and write in response to the requests by counsel for defendants William Byrnes ("Byrnes") and Christopher Curtin ("Curtin") for a protective order to preclude Plaintiff from conducting limited re-examinations of defendants Byrnes and Curtin about newly produced audio recordings.[1]  For the reasons set forth below, the CFTC respectfully requests that the Court deny defendants' application and requests that the Court grant Plaintiff leave to depose Byrnes and Curtin about these newly produced audio recordings which Plaintiff has not had an opportunity to question defendants about.

      As a threshold matter, it is well recognized that "[c]ourts will typically reopen a deposition where there is new information on which a witness should be questioned." *Ganci v. U.S. Limousine Service, Ltd.*, No. CV. 10-3027 (JFB) (AKT), 2011 WL 4407461, at *2 (E.D.N.Y. Sept. 21, 2011); *Keck v. Union Bank of Switzerland*, No. 94 CIV. 4912 (AGS) (JCF), 1997 WL 411931, at *1 (S.D.N.Y. July 22, 1997) ("[A] second deposition is often permitted, where new information comes to light triggering questions that the discovering party would not have thought to ask at the first deposition."). Indeed, the cases cited by Byrnes and Curtin either recognize this principle and support Plaintiff's position, or are distinguishable.[2]  Rule 30(a)(2)

---

[1] On June 3, 2016, Plaintiff advised the Court that after the close of discovery, defendant New York Mercantile Exchange, Inc. ("NYMEX") produced over 100 audio recordings that should have been previously produced, and asked the Court for permission to re-open discovery to take a Rule 30(b)(6) deposition of NYMEX and for additional time to determine what further discovery was warranted.  The Court granted the CFTC's application on June 6, 2016, stating: "Discovery is re-opened for the two purposes detailed in Plaintiff's letter motion.  Discovery will close on July 29, 2016." [D.E. 90]

[2] *See Dash v. Seagate Tech. (US) Holdings*, No. 13 Civ. 6329, 2015 WL 4257329 (E.D.N.Y. July 14, 2015) ("Whereas this Court in *Ganci* granted defendant leave to re-open plaintiff's deposition on the basis of newly discovered evidence after plaintiff's deposition, here the facts concerning Plaintiff's purchase and use of other external drives were available to Defendant's counsel *during* Plaintiff's

The Honorable Vernon S. Broderick
June 29, 2016
Page 2

indicates that if the parties have not stipulated to a second deposition, "[a] party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2)." As set forth below, Plaintiff respectfully submits that the additional discovery is consistent with Rule 26, and thus Plaintiff should be allowed to ask Byrnes and Curtin questions about the new audio recordings.

*First,* Plaintiff submits that it is appropriate to ask Byrnes and Curtin questions concerning new evidence that relates to the highly relevant topics of scope of employment, knowledge, and materiality, among others. Plaintiff proposed that any depositions would be limited to (i) the newly produced audio recordings and questions arising from them; and (ii) no more than 2.5 hours for each witness. However, Byrnes and Curtin argued, in essence, that Plaintiff should be precluded from asking questions arising out of *any* of the 114 additional audio recordings, because the seven calls in which trade disclosures are made (five for Byrnes and two for Curtin) are cumulative of other calls containing disclosures of trade information. Defendants' argument is flawed and misses the point.

On June 2, NYMEX produced 114 new audio recordings, including the seven trade disclosure calls and other calls which did not contain disclosures of trade information. The newly produced audio recordings are not merely cumulative or duplicative of previously produced information. With respect to trade disclosure calls, for example, the calls provide new information about the openness and regularity by which Defendants made disclosures. Plaintiff is also entitled to inquire into the details of the new trade disclosures, which may form the basis for Plaintiff to seek leave to amend the Complaint. Similarly, other new audio recordings, which are <u>not</u> among the seven "trade disclosure" calls, provide new information that is highly relevant to the issues of scope of employment and knowledge. For example, the new audio recordings provide information about the relationships between and among Eibschutz, Curtin and Byrnes, as well as NYMEX's knowledge of the relationships. Moreover, until the June 2, 2016 production, only a small number of audio recordings produced in the litigation or the underlying investigation included NYMEX employees other than Byrnes or Curtin. These new types of calls involving Eibschutz and other individuals on the ClearPort desk also provide potential new information regarding how openly Byrnes and Curtin were making disclosures on the ClearPort desk, and such evidence is highly relevant to the issues of knowledge and scope of employment.

---

deposition."); *Gary Friedrich Enters. v. Marvel Enters.*, No. 08 Civ. 1533, 2011 WL 2020586 (S.D.N.Y. May 20, 2011) (denying motion to reopen a deposition to cover topics on which attorney-client privilege had been asserted at first deposition); *Innomed Labs, LLC v. Alza Corp.*, 211 F.R.D. 237 (S.D.N.Y. 2002) (involving a request for a second Rule 30(b)(6) deposition of a non-party during discovery); *Tri-Star Pictures, Inc. v. Unger*, 171 F.R.D. 94 (S.D.N.Y. 1997) (granting leave to re-depose witness limited to new claims and issues raised in an amended answer); *see also In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008) (document discovery in MDL); *Bouchard v. New York Archdiocese*, No. 04 Civ. 9978, 2007 WL 2728666 (S.D.N.Y. Sept. 19, 2007) (granting protective order precluding first deposition of high-level individual with no personal knowledge of relevant facts, and denying motion for protective order to preclude continuation of plaintiff's deposition where conduct of counsel was not abusive); *Havens v. Metro. Life Ins. Co. (In re Akron Beacon Journal),* 1995 WL 234710, at *16 (S.D.N.Y. Apr. 20, 1995) (requiring defendant to show good cause why documents should remain sealed).

The Honorable Vernon S. Broderick
June 29, 2016
Page 3

*Second*, defendants' June 24 letters to the Court fail to accurately describe the parties' efforts to reach an agreement on the scope of discovery arising out of the new audio recordings produced on June 2.  The parties had engaged in numerous discussions, both written and telephonic, in a good faith effort to agree on the number and scope of additional depositions Plaintiff would take during the re-opened discovery period.  Counsel for the parties engaged in telephonic discussions on June 14, Plaintiff served deposition notices on June 20 and proposed scheduling a call to find mutually agreeable dates and times for the depositions, and then the parties discussed the proposed depositions again on June 22.[3]

Yet, for the first time in a call on June 24, 2016, counsel for Defendants Byrnes and Curtin took the position that the Court's June 6, 2016 order did not permit <u>any</u> further discovery beyond the Rule 30(b)(6) deposition, even written discovery or Requests for Admission, absent further order of the Court.[4]  The last communication Plaintiff received from either individual defendant was an email from counsel for defendant Byrnes on June 24, 2016, just over three hours prior to defendant Byrnes' filing of his letter motion.  The email did not suggest that counsel for Byrnes was no longer willing to attempt to reach a resolution without involving the Court, or that Byrnes would move the Court for a protective order.[5]  *Cf. Myers v. Andzel*, No. 06 Civ. 14420, 2007 WL 3256865 (S.D.N.Y. Oct. 15, 2007) (Sweet, J.) (denying discovery motion for failure to meet and confer).

In sum, Plaintiff respectfully requests that the Court deny the applications by Byrnes and Curtin for a protective order and grant Plaintiff leave under Rule 30 to re-examine Byrnes and Curtin about the new audio recordings and the issues that arise therefrom, for no more than 2.5 hours for each witness.  For the reasons set forth above, the new information is relevant and is not unreasonably cumulative.  Plaintiff should not be prejudiced by NYMEX's failure to produce the audio recordings during discovery.  We look forward to the opportunity to address these issues with the Court in further detail at the telephonic conference on July 7, 2016 at 3:00 pm.

Respectfully submitted,

Patryk J. Chudy

cc:   Counsel of Record (via ECF)

---

[3]  Plaintiff understood that either consent or leave from the Court was necessary for a second deposition under Rule 30.  Plaintiff was engaging with defendants in a good faith effort to reach agreement on the scope and limits of any depositions, and did not intend the notices to circumvent the limitations on second depositions in Rule 30.  Defendants did not express any concerns to Plaintiff about the notices circumventing Rule 30.

[4]  On the June 24 call, counsel for NYMEX took the position that the Court's June 6, 2016 re-opened discovery, subject to the limitations contained in the Federal Rules.  NYMEX had also indicated that it was amenable to producing a former NYMEX employee who had not been deposed before.

[5]  The June 24, 2016 email from Byrnes' counsel stated, in its entirety: "All- Following our meet and confer and in the interest of efficiency, Byrnes will consent to answering the RFAs without requiring the CFTC to seek leave from the Court.  We still take the position that the Court's June 6th order did not open discovery for this purpose and reserve the right to object to further discovery on those grounds or other grounds."