# Exhibit 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
U.S. COMMODITY FUTURES			:
TRADING COMMISSION,			:	13-CV-1174 (GBD)
						:
		Plaintiff,			:
						:
	-against-				:	**ANSWER OF**
						:	**CHRISTOPHER CURTIN**
WILLIAM BYRNES,				:
CHRISTOPHER CURTIN,			:
THE NEW YORK MERCANTILE		:	**JURY TRIAL REQUESTED**
EXCHANGE, INC., and			:
RON EIBSCHUTZ				:
						:
		Defendants.			:
------------------------------------------------------------------------X

Defendant Christopher Curtin ("Curtin"), for his Answer to the Amended Complaint For Injunctive And Other Equitable Relief And Civil Monetary Penalties Under The Commodity Exchange Act of plaintiff U.S. Commodity Futures Trading Commission ("CFTC"), alleges as follows:

1. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Amended Complaint, except admits that CME ClearPort customers submitted trades to CME NYMEX employees who sat on the CME ClearPort Facilitation Desk.

2. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Amended Complaint, and neither admits nor denies those portions of the paragraph calling for legal conclusions.

3. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Amended Complaint relating to Defendants William Byrnes ("Byrnes") and Ron Eibschutz ("Eibschutz"), and otherwise denies the allegations contained in the paragraph.

4. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Amended Complaint, except admits that Defendants Byrnes and Curtin worked on the CME ClearPort Facilitation Desk, were responsible for facilitating customer transactions, and had access to information received from brokers and/or principals in transactions, and declines to answer those portions of the paragraph calling for legal conclusions.

5. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Amended Complaint, except admits that CME ClearPort provides clearing and settlement services for exchange-traded contracts, as well as for over-the-counter derivatives transactions.

6. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Amended Complaint relating to Defendant Byrnes, and otherwise denies the allegations contained in the paragraph, except admits that he disclosed to Defendant Eibschutz certain information, and further declines to answer those portions of the paragraph calling for legal conclusions.

7. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Amended Complaint

relating to Defendants Byrnes and Eibschutz, and otherwise denies the allegations contained in the paragraph, except admits that Defendant Eibschutz repeatedly solicited him for information.

8. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Amended Complaint and refers the Court to the CME ClearPort User Agreement for the contents thereof.

9. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Amended Complaint relating to Defendant Byrnes, and otherwise denies the allegations contained in paragraph 9 of the Amended Complaint, except admits that he disclosed to Defendant Eibschutz certain information.

10. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Amended Complaint.

11. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Amended Complaint.

12. Neither admits nor denies the allegations contained in paragraph 12 of the Amended Complaint as said allegations call for a conclusion of law.

13. Neither admits nor denies the allegations contained in paragraph 13 of the Amended Complaint as said allegations call for a conclusion of law.

14. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Amended Complaint.

15. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Amended Complaint.

16. Admits the allegations contained in paragraph 16 of the Amended Complaint.

17. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Amended Complaint.

18. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Amended Complaint.

19. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Amended Complaint, except admits that the CME ClearPort electronic platform was launched in 2002 and that the platform provides clearing and settlement services for exchange-traded contracts and over-the-counter derivatives transactions.

20. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Amended Complaint, except admits that in a brokered transaction a broker will enter a transaction between two market participants via ClearPort's web-based interface, in a non-brokered transaction one of the market participants can confirm the trade with the other participant and process the trade, or the parties to a trade can be matched by a third-party matching platform, which submits the trade over the internet directly to CME ClearPort.

21. Admits the allegations contained in paragraph 21 of the Amended Complaint.

22. Admits the allegations contained in paragraph 22 of the Amended Complaint.

23. Admits the allegations contained in paragraph 23 of the Amended Complaint.

24. Admits the allegations contained in paragraph 24 of the Amended Complaint.

25. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Amended Complaint relating to Defendant Byrnes, and otherwise denies the allegations contained in the paragraph, except admits he had access to the information contained in the CME ClearPort trade blotter, and declines to answer those portions of the paragraph calling for a legal conclusion, referring the Court to Commission Regulation 1.59(a)(5) for the contents thereof.

26. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Amended Complaint.

27. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Amended Complaint and refers the Court to the CME's Code of Conduct for the contents thereof.

28. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Amended Complaint and refers the Court to the CME NYMEX's Employee Handbook for the contents thereof.

29. Denies having knowledge or information sufficient to form a belief as to whether he signed an acknowledgement that he had received, read, and understood the CME NYMEX's Employee Handbook and as to the allegations relating to Defendant Byrnes, and otherwise denies the allegations of paragraph 29 of the Amended Complaint,.

30. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Amended Complaint.

31. Denies the allegations of paragraph 31 of the Amended Complaint, except admits that he signed a Conflicts of Interest form in 2000, and refers the Court to the Conflict of Interest Guidelines Acknowledgment form for the contents thereof.

32. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Amended Complaint.

33. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Amended Complaint.

34. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Amended Complaint.

35. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Amended Complaint.

36. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Amended Complaint.

37. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Amended Complaint.

38. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Amended Complaint.

39. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Amended Complaint.

40. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Amended Complaint.

41. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Amended Complaint.

42. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Amended Complaint.

43. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Amended Complaint.

44. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Amended Complaint.

45. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Amended Complaint.

46. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Amended Complaint.

47. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Amended Complaint.

48. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Amended Complaint.

49. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Amended Complaint.

50. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Amended Complaint.

51. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Amended Complaint.

52. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Amended Complaint.

53. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Amended Complaint.

54. Admits the allegations contained in paragraph 54 of the Amended Complaint.

55. Denies the allegations contained in paragraph 55 of the Amended Complaint, except admits that he had access to Defendant CME NYMEX's computer systems, including the CME ClearPort trade blotter.

56. Denies the allegations contained in paragraph 56 of the Amended Complaint, except admits on the dates identified in Exhibit B he provided certain information to Defendant Eibschutz.

57. Denies the allegations contained in paragraph 57 of the Amended Complaint, except admits that on certain occasions Defendant Eibschutz requested, and Curtin disclosed, one or more of the following: the identities of the parties to specific

trades, the identities of the brokers that entered trades into the systems, the side of parties to a trade, the number of contracts traded, and prices of trades.

58. Neither admits nor denies the allegations contained in paragraph 58 of the Amended Complaint as they call for a legal conclusion.

59. Denies the allegations contained in paragraph 59 of the Amended Complaint.

60. Admits that Defendant Eibschutz repeatedly solicited him for information and provided him with information regarding the specific trades in which Defendant Eibschutz was interested, but denies the remaining allegations contained in paragraph 60 of the Amended Complaint.

61. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Amended Complaint.

62. Denies the allegations contained in paragraph 62 of the Amended Complaint, except admits that any information provided by him contained in the recorded conversations identified in Exhibit B were made as a result of solicitation by Defendant Eibschutz.

63. Denies the allegations contained in paragraph 63 of the Amended Complaint, except admits that Defendant Eibschutz provided him with information such as trade date and product, and that he provided certain information to Defendant Eibschutz.

64. Denies the allegations contained in paragraph 64 of the Amended Complaint, and refers the Court to the recording of the March 2, 2009 conversation for an accurate record of the conversation.

65. Denies the allegations contained in paragraph 65 of the Amended Complaint, except admits he spoke to Defendant Eibschutz a few times after March 2, 2009.

66. Admits the allegations contained in paragraph 66 of the Amended Complaint.

67. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Amended Complaint relating to Defendants Byrnes and Eibshutz, and otherwise denies the allegations contained in paragraph 67 of the Amended Complaint, except admits that Defendant Eibschutz repeatedly solicited him for information and provided him with information regarding the specific trades in which Eibschutz was interested.

68. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Amended Complaint.

69. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Amended Complaint relating to Defendant Byrnes, and otherwise denies the allegations contained in paragraph 69 of the Amended Complaint, except admits that any conversations contained in the recorded conversations identified in Exhibit B were made as a result of solicitation by Defendant Eibschutz.

70. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Amended Complaint relating to Defendant Byrnes, and otherwise denies the allegations contained in paragraph 70 of the Amended Complaint, except admits that Defendant Eibschutz provided him with information regarding the specific trades in which Eibschutz was interested.

71. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Amended Complaint relating to Defendant Eibschutz, and otherwise denies the allegations contained in paragraph 71 of the Amended Complaint.

72. Defendant Curtin repeats and realleges each and every response to paragraphs 1 through 71 of the Amended Complaint.

73. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the Amended Complaint, and refers the Court to Commodity Exchange Act ("the "Act") Section 9(e)(1) for the contents thereof.

74. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the Amended Complaint, and refers the Court to Commission Regulation 1.59(d)(1)(ii) for the contents thereof.

75. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the Amended Complaint, and refers the Court to Commission Regulations 1.59(a)(1) and 1.3(ee) for the contents thereof.

76. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the Amended Complaint, and refers the Court to Commission Regulation 1.3(ee) for the contents thereof.

77. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the Amended Complaint, and refers the Court to Commission Regulation 1.3(h) for the contents thereof.

78. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of the Amended Complaint, and refers the Court to Commission Regulation 1.3(a) for the contents thereof.

79. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the Amended Complaint.

80. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the Amended Complaint.

81. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of the Amended Complaint relating to Defendant Byrnes, and otherwise denies the allegations contained in paragraph 81 of the Amended Complaint.

82. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of the Amended Complaint relating to Defendant Byrnes, and otherwise denies the allegations contained in paragraph 82 of the Amended Complaint.

83. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of the Amended Complaint relating to Defendant Byrnes, and otherwise denies the allegations contained in paragraph 83 of the Amended Complaint.

84. Denies disclosing material nonpublic information, and neither admits nor denies those portions of paragraph 84 of the Amended Complaint calling for a legal conclusion.

85. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the Amended Complaint relating to Defendant Byrnes, and otherwise denies the allegations contained in paragraph 85 of the Amended Complaint.

86. Denies disclosing material nonpublic information, and neither admits nor denies those portions of paragraph 86 of the Amended Complaint calling for a legal conclusion.

87. Defendant Curtin repeats and realleges each and every response to paragraphs 1 through 86 of the Amended Complaint.

88. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the Amended Complaint relating to Defendant Byrnes, and otherwise denies the allegations contained in paragraph 88 of the Amended Complaint.

89. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 of the Amended Complaint

relating to Defendant Byrnes, neither admits nor denies those portions of the paragraph calling for a legal conclusion, and otherwise denies the allegations contained in paragraph 89 of the Amended Complaint.

90. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90 of the Amended Complaint relating to Defendant Byrnes, neither admits nor denies those portions of the paragraph calling for a legal conclusion, and otherwise denies the allegations contained in paragraph 90 of the Amended Complaint.

91. Denies disclosing material nonpublic information, and neither admits nor denies those portions of paragraph 91 of the Amended Complaint calling for a legal conclusion.

92. Defendant Curtin repeats and realleges each and every response to paragraphs 1 through 91 of the Amended Complaint.

93. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93 of the Amended Complaint relating to Defendant Byrnes, and otherwise denies the allegations contained in paragraph 93 of the Amended Complaint.

94. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94 of the Amended Complaint relating to Defendants Byrnes and Eibschutz, denies the allegations in paragraph 94 of the Amended Complaint that he violated Section 9(e)(1) of the Act and Commission Regulation 1.59(d)(ii), except admits that Defendant Eibschutz solicited information from

-14-

him, and neither admits nor denies those portions of the paragraph calling for a legal conclusion.

95. Denies disclosing material nonpublic information, and neither admits nor denies those portions of paragraph 95 of the Amended Complaint calling for a legal conclusion.

96. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96 of the Amended Complaint relating to Defendants Byrnes and Eibschutz, denies the allegations in paragraph 96 of the Amended Complaint that he violated Section 9(e)(1) of the Act and Commission Regulation 1.59(d)(ii), except admits that Defendant Eibschutz solicited information from him, and neither admits nor denies those portions of the paragraph calling for a legal conclusion.

## AFFIRMATIVE DEFENSES

Defendant Curtin asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

The amended complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The amended complaint fails to plead its allegations with the level of particularity required under the Federal Rules of Civil Procedure.

## THIRD AFFIRMATIVE DEFENSE

Defendant Curtin's actions were consistent with his official duties as a NYMEX employee.

## FOURTH AFFIRMATIVE DEFENSE

The amended complaint fails to allege how the purported disclosures were "willful," "knowing," and/or "material."

## FIFTH AFFIRMATIVE DEFENSE

The amended complaint fails to allege that Defendant Curtin acted with the required scienter.

**WHEREFORE**, Defendant Curtin respectfully requests that this Court:

(a) Dismiss the Amended Complaint in its entirety with prejudice;

(b) Deny each and every prayer for relief set forth in Plaintiff's Amended Complaint; and

(c) Grant such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      January 31, 2014

                    MENAKER & HERRMANN LLP

                    By:   s/ Samuel F. Abernethy
                          Samuel F. Abernethy   (SA-8545)

                          10 East 40th Street
                          New York, New York 10016
                          (212) 545-1900
                          sfa@mhjur.com
                          *Attorneys for Defendant Curtin*

-17-

## **CERTIFICATE OF SERVICE**

On January 31, 2014, I caused a true and correct copy of the foregoing Answer of Christopher Curtin to be delivered to counsel of record for each party by electronic means via the Court's CM/ECF system.

s/ Samuel F. Abernethy<br>
Samuel F. Abernethy (SA-8545)