# Exhibit 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM BYRNES, CHRISTOPHER CURTIN, THE NEW YORK MERCANTILE EXCHANGE, INC. and RON EIBSCHUTZ,<br><br>Defendants. | No. 13 Civ. 1174 (VSB)<br><br>ECF Case |

## PLAINTIFF'S ANSWERS AND OBJECTIONS TO DEFENDANT NEW YORK MERCANTILE EXCHANGE, INC.'S INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules"), Plaintiff U.S. Commodity Futures Trading Commission ("CFTC" or "Commission"), by and through its undersigned attorneys, hereby responds and objects to Defendant New York Mercantile Exchange, Inc.'s Interrogatories to Plaintiff (the "Interrogatories"), as set forth below:

### GENERAL OBJECTIONS

1.  Plaintiff objects to each instruction, definition, and interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure, the Local Rules and Orders of the Court.

2.  Plaintiff objects to the Interrogatories to the extent that they seek information protected from disclosure by the attorney-client privilege, work-product doctrine, deliberative process privilege, investigatory privilege, common interest doctrine, or any other privilege or protection, pursuant to statute, common law or applicable rules.

3. Plaintiff objects to the Interrogatories to the extent they seek information that is irrelevant, immaterial or not reasonably calculated to lead to the discovery of admissible evidence.

4. Plaintiff objects to the Interrogatories to the extent they are vague, ambiguous, overly broad or unduly burdensome.

5. Plaintiff objects to the Interrogatories to the extent they seek information that is not in Plaintiff's possession, custody or control.

6. Plaintiff objects to the Interrogatories to the extent they seek information that NYMEX already has in its possession, custody or control.

7. Plaintiff objects to the Interrogatories to the extent they seek information that is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive, or the burden or expense of the proposed discovery outweighs its likely benefit.

8. Plaintiff objects to the Interrogatories to the extent they seek the claims or contentions of a party or otherwise seek information beyond the scope permitted by Local Rule 33.3. The Commission reserves the right to modify or supplement its answers to the Interrogatories pursuant to the timing specified in Local Rule 33.3.

9. Plaintiff objects to the Interrogatories to the extent that they exceed the number of interrogatories, including discrete subparts, permitted by Fed. R. Civ. P. 33(a)(1).

10. Discovery in this matter is ongoing. The Commission responds to the Interrogatories based upon information and documentation available as of the date hereof and reserves the right to supplement or amend its responses.

11.     Subject to and without waiving the foregoing objections, Plaintiff will respond to the Interrogatories below by providing relevant, non-privileged information currently available to it. Pursuant to Paragraph 15 of the Protective Order entered for this matter (the "Protective Order"), Plaintiff does not waive any applicable privilege or immunity by the disclosure of any Discovery Material (as defined in the Protective Order) in this matter. In addition, inadvertent disclosure shall not waive the right of Plaintiff to assert any applicable privilege or to object to the use of any such information during this action or in any other proceeding.

## RESPONSES AND SPECIFIC OBJECTIONS

**INTERROGATORY NO. 1:**

Identify the names of all people with knowledge or information relevant to this Matter.

> **RESPONSE TO INTERROGATORY NO. 1:** Plaintiff objects to Interrogatory No. 1 because it is vague, overly broad, and unduly burdensome. Subject to and without waiving these objections and the foregoing general objections, Plaintiff directs NYMEX to the persons and entities identified in Plaintiff's Fed. R. Civ. P. 26(a) Disclosures in this matter and to the documents Plaintiff previously produced to NYMEX during discovery in this matter.

**INTERROGATORY NO. 2:**

For all persons identified in Interrogatory No. 1, respectively identify what knowledge or information they may possess.

> **RESPONSE TO INTERROGATORY NO. 2:** Plaintiff objects to Interrogatory No. 2 because it is vague, overly broad, unduly burdensome, and seeks information beyond the scope permitted by Local Rule 33.3. Subject to and without waiving these objections and the foregoing general objections, Plaintiff directs NYMEX to the persons and entities identified in Plaintiff's Fed. R. Civ. P. 26(a) Disclosures in this matter and to the documents Plaintiff previously produced to NYMEX during discovery in this matter.

**INTERROGATORY NO. 3:**

With respect to each of the persons identified in your answer to Interrogatory No. 1, identify all documents, including statements, Testimony, affidavits, or declarations, setting forth such person's knowledge of any fact or document supporting or contradicting any of the allegations set forth in the Complaint.

> **RESPONSE TO INTERROGATORY NO. 3:** Plaintiff objects to Interrogatory No. 3 because it is vague, overly broad, unduly burdensome, and seeks information beyond the scope permitted by Local Rule 33.3. Subject to and without waiving those objections and the foregoing general objections, Plaintiff directs NYMEX to the individuals and entities previously identified in Plaintiff's Fed. R. Civ. P. 26(a) Disclosures in this matter and to the documents Plaintiff previously produced to NYMEX during discovery in this matter.

**INTERROGATORY NO. 4:**

Identify all persons who provided information to you regarding the allegations in the Complaint or Amended Complaint, including any confidential witnesses.

> **RESPONSE TO INTERROGATORY NO. 4:** In addition to the foregoing general objections, Plaintiff objects to Interrogatory No. 4 because it is vague and overly broad. Subject to and without waiving those objections, Plaintiff responds as follows:

| Last Name | First Name | Last Known Address | Telephone # |
|---|---|---|---|
| Byrnes | William | 401 East 74th Street New York, NY 10021 | (212) 879-0526 |
| Eibschutz | Ron | 625 Kimbel Ave Westfield, NJ 07090 | 908-233-1456 917-273-2920 |
| Barkhordar | Joshua | One North End Avenue New York, New York | (212) 299-2000 |
| Belancourt | Dunet | 644 West 204th St., Apartment 24, New York, NY 10034 | (212)542-0886 |
| Baldwin | Virginia | 43-17 22nd Place, 1st Floor Bayside, NY, 11361 | (917) 257-8948 |

| Last Name | First Name | Last Known Address | Telephone # |
|---|---|---|---|
| Cusumano | Ralph | 9 Beech Wood Court Hazlet, New Jersey 07730 | (732) 739-3674 |
| Fein | Darren | 511 Sun Valley Way Florham Park, NJ 07392 | (973) 845-6137 |
| Holleran | Thomas | 83B East Main Street, Mendham, New Jersey | (201) 650-5241 |
| Holzrichter | Julie | 20 South Wacker Chicago, Il 60606 | (312) 930 1000 |
| Hopkins | Howard | One North End Avenue New York, New York | (516) 208-9488 |
| Keating | Sean | 139 Woods End Drive, Basking Ridge, NJ 07920 | (908) 696-1355 |
| Lopez | Augustin | 29 Hampton Green Staten Island, NY | (347) 562-4676 |
| McDonald | Michael | One North End Avenue New York, New York | (212) 299-2000 |
| New York Mercantile Exchange, Inc. | | One North End Avenue New York, New York | (212) 299-2000 |
| Beyhum | Nour | ICAP Energy Ltd 2 Broadgate London EC2M 7UR United Kingdom | +44 207 532 4991 |
| Glass | Abe | Poten Energy Services 805 Third Avenue New York, NY 10022 | (212) 230-2000 |
| Poten Energy Services, LLC | | Poten Energy Services 805 Third Avenue New York, NY 10022 | (212) 230-2000 |
| Poten & Partners, Inc. | | Poten Energy Services 805 Third Avenue New York, NY 10022 | (212) 230-2000 |
| Flaster | Brad | Parity Energy, Inc. 33 Whitehall Street, Floor 17 New York, NY 10004 | (646) 330-5075 |

| Last Name | First Name | Last Known Address | Telephone # |
|---|---|---|---|
| Parity Futures, Inc. | | Parity Futures, Inc.<br>33 Whitehall Street, Floor 17<br>New York, NY 10004 | (646) 330-5075 |
| Parity Energy, Inc. | | Parity Energy, Inc.<br>33 Whitehall Street, Floor 17<br>New York, NY 10004 | (646) 330-5075 |
| Hyrcenko | Brad | Nexen Inc.<br>801 7th Ave SW<br>Calgary, AB<br>T2P 3P7<br>Canada | (403) 807-6893 |
| CME Group, Inc. | | 20 South Wacker<br>Chicago, Il 60606 | (312) 930-1000 |
| Maydick | John | One North End Avenue<br>New York, New York | (212) 299-2000 |
| Siff | Alexandria | One North End Avenue<br>New York, New York | (212) 299-2000 |

**INTERROGATORY NO. 5:**

Identify the Bates number of each call set forth in Exhibits A and B to the Amended Complaint.

**RESPONSE TO INTERROGATORY NO. 5:** In addition to the foregoing general objections, Plaintiff objects to this Interrogatory because it seeks information already in NYMEX's possession or information that can be ascertained from materials equally available to Plaintiff and NYMEX and is, therefore, unduly burdensome. Subject to and without waiving those objections, Plaintiff responds as follows:

<u>Exhibit A</u>

| | Byrnes Disclosures | |
|---|---|---|
| | **Date & Disclosing Party** | **Bates Number** |
| 1. | Feb. 21, 2008 | 13CIV1174-CFTC-0006467 |
| 2. | Feb. 22, 2008 | 13CIV1174-CFTC-0006469 |
| 3. | Feb. 22, 2008 | 13CIV1174-CFTC-0006468 |
| 4. | May 13, 2008 | 13CIV1174-CFTC-0006561 |
| 5. | May 20, 2008 | 13CIV1174-CFTC-0006563 |
| 6. | May 22, 2008 | 13CIV1174-CFTC-0006564 |
| 7. | May 30, 2008. | 13CIV1174-CFTC-0006569 |
| 8. | June 17, 2008 | 13CIV1174-CFTC-0006491 |
| 9. | June 23, 2008 | 13CIV1174-CFTC-0006494<br>13CIV1174-CFTC-0006495 |
| 10. | June 23, 2008 | 13CIV1174-CFTC-0006496<br>13CIV1174-CFTC-0006497 |
| 11. | June 25, 2008 | 13CIV1174-CFTC-0006498 |
| 12. | June 25, 2008 (duplicate entry) | 13CIV1174-CFTC-0006498 |
| 13. | July 2, 2008 | 13CIV1174-CFTC-0006501 |
| 14. | July 3, 2008 | 13CIV1174-CFTC-0006502 |
| 15. | July 14, 2008 | 13CIV1174-CFTC-0006503 |
| 16. | July 18, 2008 | 13CIV1174-CFTC-0006504 |
| 17. | July 21, 2008 | 13CIV1174-CFTC-0006505 |
| 18. | Sept. 10, 2008 | 13CIV1174-CFTC-0006511 |
| 19. | Sept. 11, 2008 | 13CIV1174-CFTC-0006512 |
| 20. | Sept. 12, 2008 | 13CIV1174-CFTC-0006513 |
| 21. | Sept. 25, 2008 | 13CIV1174-CFTC-0006518 |
| 22. | Oct 2, 2008 | 13CIV1174-CFTC-0006571 |
| 23. | Oct 8, 2008. | 13CIV1174-CFTC-0006576 |
| 25. | Nov 17, 2008 | 13CIV1174-CFTC-0006579 |

| | **Byrnes Disclosures** | |
|---|---|---|
| | **Date & Disclosing Party** | **Bates Number** |
| | | 13CIV1174-CFTC-0006585 |
| 26. | Nov 18, 2008 | 13CIV1174-CFTC-0006588 |
| 27. | Nov 19, 2008 | 13CIV1174-CFTC-0006589 |
| 28. | Nov. 25, 2008 | 13CIV1174-CFTC-0006465 |
| 29. | Nov 25, 2008 | 13CIV1174-CFTC-0006593 |
| 30. | Dec 4, 2008 | 13CIV1174-CFTC-0006598 |
| 31. | Jan. 20, 2009 | 13CIV1174-CFTC-0018196 |
| 32. | Jan. 29, 2009 | 13CIV1174-CFTC-0018157 |
| 33. | Feb. 4, 2009 | 13CIV1174-CFTC-0018164<br>13CIV1174-CFTC-0018166 |
| 34. | Feb 11, 2009 | 13CIV1174-CFTC-0018173<br>13CIV1174-CFTC-0018178 |
| 35. | Feb. 13 2009 | 13CIV1174-CFTC-0018174 |
| 36. | Feb. 18 2009 | 13CIV1174-CFTC-0018176 |
| 37. | Feb. 20, 2009 | 13CIV1174-CFTC-0018177 |
| 38. | Feb. 24, 2009 | 13CIV1174-CFTC-0018184 |
| 39. | Feb. 25, 2009 | 13CIV1174-CFTC-0018188 |
| 40. | Feb. 25, 2009 | 13CIV1174-CFTC-0018185 |
| 41. | Feb. 27, 2009 | 13CIV1174-CFTC-0018189 |
| 43. | Mar. 9, 2009 | 13CIV1174-CFTC-0018197 |
| 43. | April 1, 2009 | 13CIV1174-CFTC-0018237 |
| 44. | April 1, 2009 | 13CIV1174-CFTC-0018227 |
| 45. | April 8, 2009 | 13CIV1174-CFTC-0018239 |
| 46. | April 13, 2009 | 13CIV1174-CFTC-0018240 |
| 47. | April 21, 2009 | 13CIV1174-CFTC-0018199 |
| 48. | April 22, 2009 | 13CIV1174-CFTC-0018242 |
| 49. | April 30, 2009 | 13CIV1174-CFTC-0018244 |
| 50. | April 30, 2009 | 13CIV1174-CFTC-0018243 |
| 51. | May 05, 2009 | 13CIV1174-CFTC-0018246 |
| 52. | May 7, 2009 | 13CIV1174-CFTC-0018200 |
| 53. | May 15, 2009 | 13CIV1174-CFTC-0018249 |
| 54. | May 20, 2009 | 13CIV1174-CFTC-0018250 |
| 55. | May 20, 2009 | 13CIV1174-CFTC-0018251 |
| 56. | May 21, 2009 | 13CIV1174-CFTC-0018252 |
| 57. | May 11, 2010 | 13CIV1174-CFTC-0005669 |
| 58. | May 12, 2010 | 13CIV1174-CFTC-0005671 |
| 59. | May 18, 2010 | 13CIV1174-CFTC-0005673 |
| 60. | May 24, 2010 | 13CIV1174-CFTC-0005672 |
| 61. | May 25, 2010 | 13CIV1174-CFTC-0005670 |

| Byrnes Disclosures | |
|---|---|
| Date & Disclosing Party | Bates Number |
| 62. June 9, 2010 | 13CIV1174-CFTC-0005679 |
| 63. Sept. 17, 2010 | 13CIV1174-CFTC-0018258 |

**Exhibit B**

| Curtin Disclosures | |
|---|---|
| Date | Bates Number |
| 1. May 14, 2008 | 13CIV1174-CFTC-0006562 |
| 2. May 29, 2008 | 13CIV1174-CFTC-0006567 |
| 3. June 10, 2008 | 13CIV1174-CFTC-0006522 |
| 4. June 23, 2008 | 13CIV1174-CFTC-0006528 |
| 5. June 24, 2008 | 13CIV1174-CFTC-0006529 |
| 6. Oct 10, 2008 | 13CIV1174-CFTC-0006577 |
| 7. Oct 13, 2008 | 13CIV1174-CFTC-0006578 |
| 8. Nov 25, 2008 | 13CIV1174-CFTC-0006594 |
| 9. Jan 16 2009 | 13CIV1174-CFTC-0018233<br>13CIV1174-CFTC-0018232 |
| 10. Jan 26, 2009 | 13CIV1174-CFTC-0018264 |
| 11. Feb 5, 2009 | 13CIV1174-CFTC-0018169 |
| 12. Feb 23, 2009 | 13CIV1174-CFTC-0018179 |
| 13. March 3, 2009 | 13CIV1174-CFTC-0018194 |
| 14. March 9, 2009 | 13CIV1174-CFTC-0018234 |
| 15. March 10, 2009 | 13CIV1174-CFTC-0018235 |
| 16. March 16, 2009 | 13CIV1174-CFTC-0018236 |

**INTERROGATORY NO. 6:**

Identify by Bates number the calls referenced in Paragraphs 42, 44, 45, and 64 of the Amended Complaint.

> **RESPONSE TO INTERROGATORY NO. 6:** In addition to the foregoing general objections, Plaintiff objects to this Interrogatory because it seeks information already in NYMEX's possession or information that can be ascertained from materials equally available to Plaintiff and NYMEX and is, therefore, unduly burdensome. Subject to and without waiving the foregoing objections, Plaintiff responds as follows:
>
> - Paragraph 42:     13CIV1174-CFTC-0018249
> - Paragraph 44:     13CIV1174-CFTC-0018215
> - Paragraph 45:     13CIV1174-CFTC-0018259
> - Paragraph 64:     13CIV1174-CFTC-0018193

**INTERROGATORY NO. 7:**

Identify with specificity each statement made by Byrnes or Curtin which you believe, allege, or contend violated the Act or Commission Regulations.

> **RESPONSE TO INTERROGATORY NO. 7:** In addition to the foregoing general objections, Plaintiff objects to Interrogatory No. 7 because it seeks the claims and contentions of a party or otherwise seeks information beyond the scope of Local Rule 33.3.

11

**INTERROGATORY NO. 8:**

Separately, and for each statement set forth in Interrogatory No. 7 that you allege violated the Act or Commission Regulations, explain how you contend each disclosure, "if such information were publicly known, would be considered important by a reasonable person in deciding whether to trade a particular commodity interest on a contract market" under Rule 1.59.

> **RESPONSE TO INTERROGATORY NO. 8:** In addition to the foregoing general objections, Plaintiff objects to Interrogatory No. 8 because it seeks the claims and contentions of a party or otherwise seeks information beyond the scope of Local Rule 33.3.

**INTERROGATORY NO. 9:**

State the amount of monetary gain you contend any person realized as a result of information in any disclosure you contend violated the Act or Commission Regulations.

> **RESPONSE TO INTERROGATORY NO. 9:** In addition to the foregoing general objections, Plaintiff objects to Interrogatory No. 9 because it seeks the claims and contentions of a party or otherwise seeks information beyond the scope of Local Rule 33.3.

**INTERROGATORY NO. 10:**

Identify any persons you contend obtained the ability to realize a profit or gain on any commodities position or other investment specifically because of the knowledge of alleged nonpublic information contained in any disclosure by Byrnes or Curtin you contend violated the Act or Commission Regulations.

> **RESPONSE TO INTERROGATORY NO. 10:** In addition to the foregoing general objections, Plaintiff objects to Interrogatory No. 10 because it seeks the claims and contentions of a party or otherwise seeks information beyond the scope of Local Rule 33.3.

**INTERROGATORY NO. 11:**

Identify any trade you content [sic] was executed as a result of information in any disclosure by Byrnes or Curtin you contend violated the Act or Commission Regulations.

> **RESPONSE TO INTERROGATORY NO. 11:** In addition to the foregoing general objections, Plaintiff objects to Interrogatory No. 11 because it seeks the claims and contentions of a party or otherwise seeks information beyond the scope of Local Rule 33.3.

**INTERROGATORY NO. 12:**

Identify any market participant you contend suffered a trading loss as a result of information in any disclosure by Byrnes or Curtin you contend violated the Act or Commission Regulations. If any market participant is identified, provide a calculation of damages, any trades or positions that were disadvantaged, and how the disclosure caused or related to the loss or disadvantage.

> **RESPONSE TO INTERROGATORY NO. 12:** In addition to the foregoing general objections, Plaintiff objects to Interrogatory No. 12 because it seeks the claims and contentions of a party or otherwise seeks information beyond the scope of Local Rule 33.3.

**INTERROGATORY NO. 13:**

State the number of violations of the Act or Commission Regulations you contend each Defendant committed.

> **RESPONSE TO INTERROGATORY NO. 13:** In addition to the foregoing general objections, Plaintiff objects to Interrogatory No. 13 because it seeks the claims and contentions of a party or otherwise seeks information beyond the scope of Local Rule 33.3.

**INTERROGATORY NO. 14:**

State the total civil monetary penalty you seek from NYMEX, including but not limited to the assumptions, data, and methodology of your calculation of such penalty.

> **RESPONSE TO INTERROGATORY NO. 14:** Each disclosure of material nonpublic information as alleged in the Amended Complaint is a separate violation of the Commodities Exchange Act (the "Act") and Commission Regulations. The Commission is seeking the maximum civil monetary penalty for each violation of the Act. Violations occurring prior to October 23, 2008, are subject to a maximum civil monetary penalty of up to $130,000 for each violation. Violations occurring on or after October 23, 2008 are subject to a maximum civil monetary penalty of up to $140,000 for each violation.

**INTERROGATORY NO. 15:**

Identify all facts supporting their assertion in Paragraph 89 of the Amended Complaint that Byrnes and Curtin were acting "within the scope of their employment" when they allegedly made any disclosures of nonpublic information.

> **RESPONSE TO INTERROGATORY NO. 15:** In addition to the foregoing general objections, Plaintiff objects to Interrogatory No. 15 because it seeks the claims and contentions of a party or otherwise seeks information beyond the scope of Local Rule 33.3.

**INTERROGATORY NO. 16:**

Identify all facts supporting the allegation that Byrnes and/or Curtin were acting for NYMEX in making any alleged disclosures of nonpublic information.

> **RESPONSE TO INTERROGATORY NO.16:** In addition to the foregoing general objections, Plaintiff objects to Interrogatory No. 16 because it seeks the claims and

14

contentions of a party or otherwise seeks information beyond the scope of Local Rule 33.3.

**INTERROGATORY NO. 17:**

Identify all facts supporting the allegation that NYMEX received any sort of benefit from any alleged disclosures of nonpublic information by Byrnes or Curtin.

> **RESPONSE TO INTERROGATORY NO. 17:** In addition to the foregoing general objections, Plaintiff objects to Interrogatory No. 17 because it seeks the claims and contentions of a party or otherwise seeks information beyond the scope of Local Rule 33.3.

**INTERROGATORY NO. 18:**

Identify any fact indicating that Byrnes or Curtin received personal benefits as a result of their alleged disclosure of nonpublic information.

> **RESPONSE TO INTERROGATORY NO. 18:** In addition to the foregoing general objections, Plaintiff objects to Interrogatory No. 18 because it seeks the claims and contentions of a party or otherwise seeks information beyond the scope of Local Rule 33.3.

**INTERROGATORY NO. 19:**

Identify all documents supporting the contention that NYMEX had actual knowledge that Byrnes and Curtin were making disclosures of nonpublic information before November 19, 2010.

> **RESPONSE TO INTERROGATORY NO. 19:** In addition to the foregoing general objections, Plaintiff objects to Interrogatory No. 19 because it seeks the claims and contentions of a party or otherwise seeks information beyond the scope of Local Rule 33.3.

I, Trevor Kokal, certify that the foregoing Plaintiff's Answers to Defendants' New York Mercantile Exchange, Inc.'s Interrogatories are true and correct to the best of my knowledge, information and belief, formed after reasonable inquiry.

Dated: March 9, 2015

*[signature]*
Trevor Kokal, Investigator
Division of Enforcement
140 Broadway
New York, New York, 10005
(646) 746-9700

Dated: March 9, 2015                                   As to Objections:

_[signature: David MacGregor /jw]_
David W. MacGregor
Patryk J. Chudy
Patrick Daly
James Wheaton
Division of Enforcement
140 Broadway
New York, New York, 10005
(646) 746-9700

*Attorneys for Plaintiff*

17

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of March 2015, I caused to be served a true and correct copy of the foregoing **Plaintiff's Answers and Objections to Defendant New York Mercantile Exchange, Inc.'s Interrogatories** upon counsel for Defendants at the following addresses:

*Via Email and United Parcel Service*

Albert L. Hogan III, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
155 N. Wacker Drive
Chicago, Illinois 60606

Robert Herskovits
Herskovits PLLC
1065 Avenue of the Americas
27th Floor
New York, New York 10018

Samuel F. Abernethy
Menaker & Herrmann LLP
10 East 40th Street
New York, NY 10016

_____
James Wheaton
Division of Enforcement
140 Broadway
New York, New York, 10005
(646) 746-9767
pdaly@cftc.gov