# Exhibit 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

U.S. COMMODITY FUTURES TRADING　　　)
COMMISSION,　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiff,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)　No. 13 Civ. 1174 (VSB)
　　　　v.　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)　ECF Case
WILLIAM BYRNES, CHRISTOPHER CURTIN,　)
THE NEW YORK MERCANTILE EXCHANGE,　 )
INC. and RON EIBSCHUTZ,　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Defendants.　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)

---

## PLAINTIFF'S SUPPLEMENTAL ANSWERS AND OBJECTIONS TO DEFENDANT NEW YORK MERCANTILE EXCHANGE, INC.'S INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules"), Plaintiff U.S. Commodity Futures Trading Commission ("CFTC" or "Commission"), by and through its undersigned attorneys, hereby supplements its responses and objections to certain of Defendant New York Mercantile Exchange, Inc.'s Interrogatories to Plaintiff (the "Interrogatories"), as set forth below. These supplemental answers and objections are being served at this stage of the litigation because many of the Interrogatories, which were served at the commencement of discovery in this action, seek the claims or contentions of a party or otherwise seek information beyond the scope permitted by Local Rule 33.3 and thus were premature when served. The parties are currently engaged in expert discovery regarding certain issues raised by the Interrogatories, and Plaintiff reserves the right to supplement and amend its answers.

## GENERAL OBJECTIONS

The General Objections set forth in Plaintiff's Answers and Objections to Defendant New York Mercantile Exchange, Inc.'s Interrogatories, dated March 9, 2015, are incorporated by reference herein.

## RESPONSES AND SPECIFIC OBJECTIONS

**INTERROGATORY NO. 7:**

Identify with specificity each statement made by Byrnes or Curtin which you believe, allege, or contend violated the Act or Commission Regulations.

> **RESPONSE TO INTERROGATORY NO. 7:** Subject to and without waiving the foregoing general objections, Plaintiff responds as follows: See the transcripts produced this date via secure file transfer protocol, in which the unlawful disclosures made by Byrnes and Curtin, acting within the scope of their employment with NYMEX, which are currently known to Plaintiff, are highlighted. Note that these transcripts are drafts, and the highlighting of the draft transcripts is intended only for the convenience of the parties in identifying particular portions of the underlying recorded phone calls identified in Exhibits A and B to the Amended Complaint which contain the statements that the Plaintiff contends violated the Act or Commission Regulations. Plaintiff refers NYMEX to the recorded calls themselves, which have been previously produced, for the exact content of the disclosure conversations.

**INTERROGATORY NO. 8:**

Separately, and for each statement set forth in Interrogatory No. 7 that you allege violated the Act or Commission Regulations, explain how you contend each disclosure, "if such information were publicly known, would be considered important by a reasonable person in deciding whether to trade a particular commodity interest on a contract market" under Rule 1.59.

2

**RESPONSE TO INTERROGATORY NO. 8:** Subject to and without waiving the foregoing general objections, Plaintiff refers NYMEX to the expert reports of Dr. Hendrik Bessembinder previously served in this matter, the second sentence of Commission Regulation 1.59(a)(5), and the contemporaneous actions and statements of Byrnes, Curtin, Eibschutz and other witnesses, whether individually or in the aggregate, reflecting the importance of the information in each disclosure.

**INTERROGATORY NO. 9:**

State the amount of monetary gain you contend any person realized as a result of information in any disclosure you contend violated the Act or Commission Regulations.

**RESPONSE TO INTERROGATORY NO. 9:** In addition to the foregoing general objections, Plaintiff objects to Interrogatory No. 9 because "monetary gain" is not an element of the violations charged in the Amended Complaint. Subject to and without waiving the foregoing specific and general objections, Plaintiff responds as follows: NYMEX has admitted that it received fees as a result of trades brokered by Defendant Eibschutz and the firms that employed him during the time in which Eibschutz was the recipient of the illegal disclosures made by Byrnes and Curtin, and the amount of such fees is within NYMEX's knowledge and control. In addition, there is evidence that Eibschutz obtained one or more clients as a result of information he received from Byrnes; *see* Eibschutz Dep. at 203:24-204:6 (Nov. 19, 2015); 13CIV1174-CFTC-0189962; and Rouet Dep. at 85:23-88:4 (Oct. 13, 2015).

**INTERROGATORY NO. 10:**

Identify any persons you contend obtained the ability to realize a profit or gain on any commodities position or other investment specifically because of the knowledge of alleged nonpublic information contained in any disclosure by Byrnes or Curtin you contend violated the Act or Commission Regulations.

3

**RESPONSE TO INTERROGATORY NO. 10:** In addition to the foregoing general objections, Plaintiff objects to Interrogatory No. 10 because "profit or gain" are not elements of the violations charged in the Amended Complaint, and because the interrogatory is vague and ambiguous, in particular with regard to the phrase "obtained the ability to realize a profit or gain." Subject to and without waiving the foregoing specific and general objections, Plaintiff responds as follows: Such persons include Defendant Eibschutz and his employers and co-workers at Poten Energy Services and Parity Energy, including but not limited to Abe Glass, Will Brittain, Charles Reyl and Lou Pellathy, as Eibschutz has testified that information that he obtained from Byrnes and Curtin was shared with his co-workers. Eibschutz Dep. at 137: 25 -139:22 (Nov. 19, 2015). In addition, to the extent Ron Eibschutz shared material nonpublic information disclosed by Byrnes and Curtin with any clients or prospective clients, each such person had the "ability to realize a profit or gain on any commodities position or other investment" based on their receipt of such information.

**INTERROGATORY NO. 11:**

Identify any trade you content [sic] was executed as a result of information in any disclosure by Byrnes or Curtin you contend violated the Act or Commission Regulations.

**RESPONSE TO INTERROGATORY NO. 11:** In addition to the foregoing general objections, Plaintiff objects to Interrogatory No. 11 because trading is not an element of the violations charged in the Amended Complaint. Subject to and without waiving the foregoing specific and general objections, Plaintiff responds as follows: Plaintiff has not made such allegations in its Amended Complaint, and thus does not make such contentions.

4

**INTERROGATORY NO. 12:**

Identify any market participant you contend suffered a trading loss as a result of information in any disclosure by Byrnes or Curtin you contend violated the Act or Commission Regulations. If any market participant is identified, provide a calculation of damages, any trades or positions that were disadvantaged, and how the disclosure caused or related to the loss or disadvantage.

> **RESPONSE TO INTERROGATORY NO. 12:** In addition to the foregoing general objections, Plaintiff objects to Interrogatory No. 12 because "trading loss" is not an element of the violations charged in the Amended Complaint. Subject to and without waiving the foregoing specific and general objections, Plaintiff responds as follows: Plaintiff has not made such allegations in its Amended Complaint, and thus does not make such contentions.

**INTERROGATORY NO. 13:**

State the number of violations of the Act or Commission Regulations you contend each Defendant committed.

> **RESPONSE TO INTERROGATORY NO. 13:** Subject to and without waiving the foregoing general objections, Plaintiff responds as follows: Many of the audio calls referenced in Exhibits A and B of the Amended Complaint contain multiple illegal disclosures of confidential information. Each disclosure of material nonpublic information as alleged in the Amended Complaint is a separate and distinct violation of the Commodities Exchange Act (the "Act") and Commission Regulations. As set forth in the highlighted transcripts produced this date via secure file transfer protocol, Byrnes made at least 474 illegal disclosures that identified a particular trade of a particular counterparty; and Curtin made at least 53 illegal disclosures that identified a particular trade of a particular counterparty, each of which is a separate violation of both the Act

5

and Commission Regulations. NYMEX is liable for all such violations, a total of at least 527 violations, pursuant to Section 2(a)(1)(B) of the Act.

**INTERROGATORY NO. 15:**

Identify all facts supporting their [sic] assertion in Paragraph 89 of the Amended Complaint that Byrnes and Curtin were acting "within the scope of their employment" when they allegedly made any disclosures of nonpublic information.

> **RESPONSE TO INTERROGATORY NO. 15:** In addition to the foregoing general objections, Plaintiff objects to Interrogatory No. 15 because it seeks attorney work-product; and because it is overbroad and unduly burdensome in that it seeks "all facts" relating to an issue and calls for a detailed narrative of events, where the record consists of many deposition transcripts and millions of pages of documents produced by the parties, all of which information NYMEX already has and which contain facts in support of the referenced allegation. Subject to and without waiving the foregoing specific and general objections, Plaintiff responds as follows: Generally, facts demonstrating that in making illegal disclosures of non-public information Byrnes and Curtin were acting within the scope of their NYMEX employment (many of which facts are not in dispute) include, but are not limited to, the following, as well as other facts as contained in the investigatory testimony, deposition testimony, and documents produced in this matter, including job descriptions and evaluations:
>
> - As NYMEX has admitted, at the time of the illegal disclosures, Byrnes and Curtin were employed by NYMEX, and they obtained the information they disclosed to Eibschutz through special access related to the performance of their official duties as NYMEX employees.

- Byrnes and Curtin made the disclosures while physically present at their NYMEX work locations; using NYMEX telephones, information, data, and computer systems; over long periods of time, openly and in view of and in close proximity to other NYMEX employees and managers.

- The disclosures were made to a ClearPort user, Defendant Eibschutz, by Byrnes and Curtin in their capacity as ClearPort facilitation desk employees; the disclosures assisted Eibschutz and his employers in gaining additional customers (see the response to Interrogatory 9 above). At times relevant to the Amended Complaint, Eibschutz worked for one of the top 50 brokers for NYMEX. And, as NYMEX has admitted, during the time in which the disclosures were made NYMEX earned fees from ClearPort trades brokered by Eibschutz and the firms that employed him.

- Assisting a broker in gaining additional customers was in furtherance of NYMEX's business interests. As a member of NYMEX's marketing department, Thomas Holleran, testified, "strengthening [a broker's] relationship with the exchange" was part of the job responsibilities of NYMEX's marketing employees, and one way to strengthen a broker's relationship with NYMEX was to help the broker "grow their business" by developing new clients (see Holleran Dep. at 73:23 to 74:12, 76:3 to 81:2 (Oct. 21, 2015)). Mr. Holleran further testified that facilitating a customer's development of relationships with new brokers was helpful to NYMEX (see Holleran Dep. at 81:8 to 82:19).

- When NYMEX received a complaint in 2009 indicating that Byrnes was disclosing confidential trade information, it failed adequately to investigate the

complaint, and Byrnes' disclosures continued for over a year thereafter, during which time Byrnes also received raises and promotions.

- As CME's Managing Director, NYMEX Operations and the head of CME's New York office, Sean Keating, admitted at his deposition, Byrnes and Curtin were not the only NYMEX employees who disclosed non-public trade information (see Keating Dep. at 77: 23 to 82:20 (Oct. 16, 2015)).

- As Mr. Keating's testimony and recorded conversations establish, Mr. Keating and Ralph Cusimano, Byrnes and Curtin's immediate supervisor, were aware that NYMEX employees neither read nor followed NYMEX's confidentiality policies.

- Defendant Curtin testified that in March or April of 2009, he informed his direct supervisor Mr. Cusimano that he had disclosed confidential trade information to Eibschutz, and Mr. Cusimano "said not to worry, we have your back." (See Curtin Dep. at 174:5-174:6 (Nov. 24, 2015)); that Mr. Cusimano and Curtin then met with Byrnes and they agreed that Byrnes would handle any calls from Eibschutz going forward because of their personal friendship; that Mr. Cusimano and Curtin also informed Anthony Densieski, CME/NYMEX's then Director of Market Surveillance, Market Regulation, that Curtin had disclosed confidential trade data to an unauthorized person, Eibschutz, and Mr. Densieski's response "was along the lines of you guys should handle it, seems like you've got it under control." (See Curtin Dep. at 179:18-179:20.)

- In the midst of the CFTC's investigation of the illegal disclosures in 2012, Mr. Keating instructed Mr. Cusimano to put a purported relevant policy in writing but not to date it, after which Mr. Keating gave sworn testimony to the CFTC that

8

made it appear that the written policy had been in existence during the time Byrnes and Curtin were making their illegal disclosures.

**INTERROGATORY NO. 16:**

Identify all facts supporting the allegation that Byrnes and/or Curtin were acting for NYMEX in making any alleged disclosures of nonpublic information.

> **RESPONSE TO INTERROGATORY NO. 16:** In addition to the foregoing general objections, Plaintiff objects to Interrogatory No. 16 because it seeks attorney work-product, and because it is overbroad and unduly burdensome in that it seeks "all facts" relating to an issue and calls for a detailed narrative of events where the record consists of many deposition transcripts and millions of pages of documents produced by the parties, all of which information NYMEX already has and which contain facts in support of the referenced "allegation." Subject to and without waiving the foregoing specific and general objections, Plaintiff refers NYMEX to the response to Interrogatory No. 15 above.

**INTERROGATORY NO. 17:**

Identify all facts supporting the allegation that NYMEX received any sort of benefit from any alleged disclosures of nonpublic information by Byrnes or Curtin.

> **RESPONSE TO INTERROGATORY NO. 17:** In addition to the foregoing general objections, Plaintiff objects to Interrogatory No. 17 because it seeks attorney work-product; because it is overbroad and unduly burdensome in that it seeks "all facts" relating to an issue and calls for a detailed narrative of events where the record consists of many deposition transcripts and millions of pages of documents produced by the parties, all of which information NYMEX already has and which contain facts in support of the referenced "allegation." Plaintiff further objects because receipt of a "benefit" by

9

NYMEX is not an element of the violations charged in the Amended Complaint. Subject to and without waiving the foregoing specific and general objections, Plaintiff responds as follows: The Amended Complaint does not contain the allegation that NYMEX received a "benefit." Plaintiff further refers NYMEX to the response to Interrogatories No. 9 and 15 above, including but not limited to the fact that as NYMEX has admitted, during the time in which the disclosures were made NYMEX earned fees from ClearPort trades brokered by Eibschutz and the firms that employed him.

**INTERROGATORY NO. 18:**

Identify any fact indicating that Byrnes or Curtin received personal benefits as a result of their alleged disclosure of nonpublic information.

**RESPONSE TO INTERROGATORY NO. 18:** In addition to the foregoing general objections, Plaintiff objects to Interrogatory No. 18 because it seeks attorney work-product, and because it is overbroad and unduly burdensome in that it seeks "any fact" relating to an issue and calls for a detailed narrative of events. Plaintiff further objects because receipt of "personal benefits" by Byrnes and Curtin is not an element of the violations charged in the Amended Complaint. Subject to and without waiving the foregoing specific and general objections, Plaintiff responds as follows: Generally, Byrnes and Curtin received meals, drinks and/or entertainment from Eibschutz and/or the firms that employed him.

**INTERROGATORY NO. 19:**

Identify all documents supporting the contention that NYMEX had actual knowledge that Byrnes and Curtin were making disclosures of nonpublic information before November 19, 2010.

**RESPONSE TO INTERROGATORY NO. 19:** In addition to the foregoing general objections, Plaintiff objects to Interrogatory No. 19 because it seeks attorney work-product; because "actual knowledge" by NYMEX is not an element of the violations charged in the Amended Complaint; and because it is overbroad and unduly burdensome in that it seeks "all documents" relating to an issue and calls for a detailed narrative of events where the record consists of many deposition transcripts and millions of pages of documents produced by the parties, all of which information NYMEX already has in its possession.  Subject to and without waiving the foregoing specific and general objections, Plaintiff responds as follows: The Amended Complaint does not contain the allegation that NYMEX had such "actual knowledge" and thus Plaintiff does not so contend.  Nevertheless, NYMEX was put on notice of Byrnes and Curtin's disclosures on multiple occasions, including when Curtin informed Mr. Cusimano of disclosures and they together informed Mr. Densieski (see the answer to Interrogatory No. 15 above); and when NYMEX received a complaint in 2009 indicating that Byrnes was disclosing confidential trade information, but it failed adequately to investigate the complaint, allowing Byrnes' disclosures to continue for over a year thereafter.  In addition, the disclosures were made by Byrnes and Curtin on NYMEX recorded phone lines, and while they were at their work locations, where their supervisors and co-workers could hear and observe them.

    I, Trevor Kokal, certify that the facts identified in the foregoing Plaintiff's Supplemental Answers to Defendants' New York Mercantile Exchange, Inc.'s Interrogatories are true and correct to the best of my knowledge, information and belief, formed after reasonable inquiry.

Dated: April 29, 2016

                                                                      _____
                                                                        Trevor Kokal, Investigator
                                                                        Division of Enforcement
                                                                        140 Broadway
                                                                        New York, New York, 10005
                                                                        (646) 746-9700

Dated:  April 29, 2016                                       As to Objections and Contentions:

                                                                      _____
                                                                        David W. MacGregor
                                                                        Patryk J. Chudy
                                                                        Patrick Daly
                                                                        James Wheaton
                                                                        Gabriella Geanuleas
                                                                        Division of Enforcement
                                                                        140 Broadway
                                                                        New York, New York, 10005
                                                                        (646) 746-9700

                                                                        *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

    I hereby certify that on this 29th day of April 2016, I caused to be served a true and correct copy of the foregoing **Plaintiff's Supplemental Answers and Objections to Defendant New York Mercantile Exchange, Inc.'s Interrogatories** upon counsel for Defendants at the following addresses:

*Via Email and United Parcel Service*

Albert L. Hogan III, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
155 N. Wacker Drive
Chicago, Illinois  60606

Robert Herskovits, Esq.
Herskovits PLLC
1065 Avenue of the Americas
27th Floor
New York, New York 10018

Samuel F. Abernethy, Esq.
Menaker & Herrmann LLP
10 East 40th Street
New York, NY 10016

                                              Patrick Daly
                                              Division of Enforcement
                                              140 Broadway
                                              New York, New York, 10005
                                              (646) 746-9767
                                              pdaly@cftc.gov