# Exhibit 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM BYRNES, CHRISTOPHER CURTIN, THE NEW YORK MERCANTILE EXCHANGE, INC. and RON EIBSCHUTZ, <br><br> Defendants. | ) ) ) ) ) ) No. 13 Civ. 1174 (VSB) ) ) ECF Case ) ) ) ) ) ) |

**PLAINTIFF'S ANSWERS AND OBJECTIONS TO DEFENDANT CURTIN'S SECOND SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules"), Plaintiff U.S. Commodity Futures Trading Commission ("CFTC" or "Commission"), by and through its undersigned attorneys, hereby responds and objects to Defendant Curtin's Second Set of Interrogatories to Plaintiff (the "Interrogatories"), as set forth below.

**GENERAL OBJECTIONS**

The General Objections set forth in Plaintiff's Answers and Objections to Defendant Curtin's Interrogatories, dated March 9, 2015, are incorporated by reference herein.

**SPECIFIC OBJECTIONS AND RESPONSES**

**INTERROGATORY NO. 1:**

Do you contend that Eibschutz induced Curtin to disclose material nonpublic information by providing him with meals, drinks, and entertainment? If your response is anything other than an unqualified "no," state all facts upon which you base your contention.

1

**RESPONSE TO INTERROGATORY NO. 1:** In addition to the foregoing general objections, Plaintiff objects to Interrogatory No. 1 because it seeks attorney work-product, because it is overbroad and unduly burdensome in that it seeks "all facts" relating to an issue and calls for a detailed narrative of events, and because it seeks information within Curtin's own knowledge as it concerns his own mental state. Subject to and without waiving the foregoing specific and general objections, Plaintiff responds as follows: Plaintiff contends that Defendant Eibschutz or his employers provided Curtin with meals, drinks and/or entertainment – the full extent of which is known to Defendants Curtin and Eibschutz – in part, to induce Curtin to disclose material non-public information; however, only Curtin knows whether such things "induced" him to make illegal disclosures to Eibschutz.

**INTERROGATORY NO. 2:**

Do you contend that the disclosure of non-public information by an employee of a self-regulatory organization for any purpose inconsistent with the performance of such employee's official duties as an employee of a self-regulatory organization obtained through special access related to the performance of such duties is a violation of 17 C.F.R. 1.59(d) or 7 U.S.C. § 13(e) if the information would not be important to a reasonable person in deciding whether to trade a particular commodity interest? If your response is anything other than an unqualified "no," state the basis for your contention.

**RESPONSE TO INTERROGATORY NO. 2:** In addition to the foregoing general objections, Plaintiff objects to Interrogatory No. 2 because it seeks attorney work-product. Subject to and without waiving the forgoing specific and general objections, Plaintiff responds as follows: Yes, such information, where it relates to present or anticipated cash positions, commodity interests, trading strategies, the financial condition of members of self-regulatory organizations or members of linked exchanges or their customers, or the regulatory actions or proposed regulatory actions of a self-regulatory organization or a linked exchange, as set forth in Regulation 1.59(a)(5), is material, and

its disclosure is a violation of 1.59(d).

**INTERROGATORY NO. 3:**

Do you contend that the disclosure of non-public information by an employee of a self-regulatory organization for any purpose inconsistent with the performance of such employee's official duties as an employee of a self-regulatory organization obtained through special access related to the performance of such duties is a violation of 17 C.F.R. 1.59(d) or 7 U.S.C. § 13(e) if the information would not be important to a reasonable person in deciding whether to trade a particular commodity interest, but would be useful to a broker in establishing a relationship with a potential customer?  If your response is anything other than an unqualified "no," state the basis for your contention.

>**RESPONSE TO INTERROGATORY NO. 3:**  In addition to the foregoing general objections, Plaintiff objects to Interrogatory No. 3 because it seeks attorney work-product, and because it is vague, in particular with regard to the phrase "would be useful to a broker in establishing a relationship with a potential customer."  Subject to and without waiving the forgoing specific and general objections, Plaintiff responds as follows:  Yes, if such information relates to present or anticipated cash positions, commodity interests, trading strategies, the financial condition of members of self-regulatory organizations or members of linked exchanges or their customers, or the regulatory actions or proposed regulatory actions of a self-regulatory organization or a linked exchange, as set forth in Regulation 1.59(a)(5), it is material, and its disclosure is a violation of 1.59(d).

**INTERROGATORY NO. 4:**

Do you contend that the disclosure of material, non-public information by an employee of a self-regulatory organization for any purpose inconsistent with the performance of such employee's official duties as an employee of a self-regulatory organization obtained through special access related to the performance of such duties is a violation of 17 C.F.R. 1.59(d) or 7 U.S.C. § 13(e) if no one who comes into possession of that information as a result of the disclosure trades any commodity interest as a result of coming into possession of that information?  If your response is anything other than an unqualified "no," state the basis for your contention.

**RESPONSE TO INTERROGATORY NO. 4:** In addition to the foregoing general objections, Plaintiff objects to Interrogatory No. 4 because it seeks attorney work-product. Subject to and without waiving the forgoing specific and general objections, Plaintiff responds as follows: Yes, because trading is not required to establish violations of 17 C.F.R. 1.59(d)(ii) and 7 U.S.C. § 13(e)(1), as charged in the Amended Complaint.

**INTERROGATORY NO. 5:**

Do you contend that the disclosure of material, non-public information by an employee of a self-regulatory organization for any purpose inconsistent with the performance of such employee's official duties as an employee of a self-regulatory organization obtained through special access related to the performance of such duties is a violation of 17 C.F.R. 1.59(d) or 7 U.S.C. § 13(e) if no one who comes into possession of that information as a result of the disclosure considers that information important in deciding whether to trade any commodity interest? If your response is anything other than an unqualified "no," state the basis for your contention.

**RESPONSE TO INTERROGATORY NO. 5:** In addition to the foregoing general objections, Plaintiff objects to Interrogatory No. 5 because it seeks attorney work-product. Subject to and without waiving the forgoing specific and general objections, Plaintiff responds as follows: Yes, because as set forth in 17 C.F.R. 1.59(d)(ii) and 7 U.S.C. § 13(e)(1), disclosure of material, non-public information by an employee of a self-regulatory organization for any purpose inconsistent with the performance of such employee's official duties as an employee of a self-regulatory organization obtained through special access related to the performance of such duties, is a violation of 17 C.F.R. 1.59(d)(ii) and 7 U.S.C. § 13(e)(1).

**INTERROGATORY NO. 6:**

Do you contend that the information conveyed by Curtin to Eibschutz on the Calls was considered important by any person in deciding whether to trade a particular commodity interest? If your response is anything other than an unqualified "no," (a) identify the person, and (b) state the basis for your contention.

4

**RESPONSE TO INTERROGATORY NO. 6:** Subject to and without waiving the foregoing general objections, Plaintiff responds as follows: Proof that the information illegally disclosed by Curtin was actually so considered by any person is not required to establish violations of 17 C.F.R. 1.59(d)(ii) and 7 U.S.C. § 13(e)(1), as charged in the Amended Complaint. In addition, Plaintiff refers Curtin to the reports of Dr. Hendrik Bessembinder previously served in this matter, and the contemporaneous actions and statements of Byrnes, Curtin, Eibschutz and other witnesses, whether individually or in the aggregate, reflecting the importance of the information in each disclosure.

**INTERROGATORY NO. 7:**

Identify with specificity each statement made by Curtin that you contend disclosed the structure of a particular transaction (as alleged in paragraph 57 of the Complaint).

**RESPONSE TO INTERROGATORY NO. 7:** Subject to and without waiving the foregoing general objections, Plaintiff responds as follows: See the transcripts produced by Plaintiff to all parties on April 29, 2016 with Plaintiff's Supplemental Response to NYMEX's interrogatories. The conversations in which Plaintiff contends Curtin disclosed the structure of a particular transaction are those where Curtin made disclosures about transactions by the same counterparty in the same product involving multiple strike prices and/or expirations, cleared on the same day. Note that these transcripts are drafts, and the highlighting of the draft transcripts is intended only for the convenience of the parties in identifying particular portions of the underlying recorded phone calls. Plaintiff refers Curtin to the recorded calls themselves, which have been previously produced, for the exact content of the disclosure conversations.

**INTERROGATORY NO. 8:**

Identify with specificity each statement made by Curtin that you contend disclosed trading

5

strategies used in particular transactions (as alleged in paragraph 57 of the Complaint).

>**RESPONSE TO INTERROGATORY NO. 8:** Subject to and without waiving the foregoing general objections, Plaintiff responds as follows: See the transcripts produced by Plaintiff to all parties on April 29, 2016 with Plaintiff's Supplemental Response to NYMEX's interrogatories, in which disclosures made by Curtin relating to trading strategies are those which contain reference to a fence, and calendar spread options. Plaintiff refers Curtin to the recorded calls themselves, which have been previously produced, for the exact content of the disclosure conversations.

**INTERROGATORY NO. 9:**

Identify with specificity each statement made by Curtin that you contend disclosed information relating to futures positions of particular market participants (as alleged in paragraph 57 of the Complaint).

>**RESPONSE TO INTERROGATORY NO. 9:** Subject to and without waiving the foregoing general objections, Plaintiff responds as follows: All calls between Curtin and Eibschutz contained in the transcripts produced by Plaintiff to all parties on April 29, 2016 with Plaintiff's Supplemental Response to NYMEX's interrogatories relate to present or anticipated futures positions. Plaintiff refers Curtin to the recorded calls themselves, which have been previously produced, for the exact content of the disclosure conversations.

**INTERROGATORY NO. 10:**

Identify with specificity each statement made by Curtin that you contend disclosed information relating to options positions of particular market participants (as alleged in paragraph 57 of the Complaint).

>**RESPONSE TO INTERROGATORY NO. 10:** Subject to and without waiving the foregoing general objections, Plaintiff responds as follows: All calls between Curtin

and Eibschutz contained in the transcripts produced by Plaintiff to all parties on April 29, 2016 with Plaintiff's Supplemental Response to NYMEX's interrogatories. Plaintiff refers Curtin to the recorded calls themselves, which have been previously produced, for the exact content of the disclosure conversations.

I, Trevor Kokal, certify that any facts identified in the foregoing Plaintiff's Answers to Defendant Curtin's Second Set of Interrogatories are true and correct to the best of my knowledge, information and belief, formed after reasonable inquiry.

Dated: May 16, 2016

*/s/ Trevor Kokal*
Trevor Kokal, Investigator
Division of Enforcement
140 Broadway
New York, New York, 10005
(646) 746-9700

Dated: May 16, 2016

As to Objections and Contentions:

*/s/*
David W. MacGregor
Patryk J. Chudy
Patrick Daly
James G. Wheaton
Gabriella Geanuleas

Division of Enforcement
140 Broadway
New York, New York, 10005
(646) 746-9700

*Attorneys for Plaintiff*

8

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of May 2016, I caused to be served a true and correct copy of the foregoing **Plaintiff's Answers and Objections to Defendant Curtin's Second Set of Interrogatories** upon counsel for Defendants as follows:

*Via Email*

Albert L. Hogan III, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
155 N. Wacker Drive
Chicago, Illinois 60606

Robert Herskovits, Esq.
Herskovits PLLC
1065 Avenue of the Americas
27th Floor
New York, New York 10018

Samuel F. Abernethy, Esq.
Menaker & Herrmann LLP
10 East 40th Street
New York, NY 10016

Patryk J. Chudy
Division of Enforcement
140 Broadway
New York, New York, 10005
(646) 746-9767
pchudy@cftc.gov