# Exhibit 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 13 Civ. 1174 (VSB) ) ) ECF Case |
| WILLIAM BYRNES, CHRISTOPHER CURTIN, THE NEW YORK MERCANTILE EXCHANGE, INC. and RON EIBSCHUTZ, | ) ) ) ) |
| Defendants. | ) ) |

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT CURTIN'S REQUESTS FOR ADMISSION**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules"), Plaintiff U.S. Commodity Futures Trading Commission ("Plaintiff" or "Commission") by and through its undersigned attorneys, hereby responds and objects to Defendant Christopher Curtin's First Set of Requests for Admission to Plaintiff ("Requests"), as served on January 15, 2016, as follows.

GENERAL OBJECTIONS

The following General Objections are incorporated by reference into each of the specific responses below.

1.       Plaintiff objects to each definition, instruction and Request for Admission to the extent it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure, the Local Rules and other applicable law or Orders of the Court.

1

2.      Plaintiff objects to the Requests to the extent that the Definitions and Instructions exceed or contradict the requirements of the Federal Rules of Civil Procedure, the Local Rules, and other applicable law or Orders of the Court.

3.      Plaintiff objects to the Requests on the grounds and to the extent that they seek information protected by the attorney-client privilege, deliberative process privilege, investigatory privilege, law enforcement privilege, work product doctrine, common interest privilege, or any other privilege, protection, or immunity.

4.      Plaintiff objects to the Requests to the extent they seek information that is irrelevant, immaterial or not reasonably calculated to lead to the discovery of admissible evidence.

5.      Plaintiff objects to the Requests, including the Definitions and Instructions, to the extent they are vague, ambiguous, overly broad or unduly burdensome.

6.      Plaintiff objects to the Requests to the extent they seek information that is not in Plaintiff's knowledge, possession, custody or control.

7.      Plaintiff objects to the Requests on the grounds and to the extent that they ask for admissions on matters predominantly or exclusively within the knowledge, possession, custody or control of defendant Curtin himself or of other parties or third parties.

8.      Plaintiff objects to the Requests to the extent they seek information that is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive, or the burden or expense of the proposed discovery outweighs its likely benefit.

9.      Pursuant to Paragraph 15 of the Protective Order entered in this matter (the "Protective Order"), Plaintiff does not waive any applicable privilege or immunity by the

disclosure of any documents, information or other Discovery Material (as defined in the Protective Order) in this matter.  In addition, inadvertent disclosure shall not waive the right of the Plaintiff to assert any applicable privilege or to object to the use of any such information during this action or in any other proceeding.

10.     Plaintiff objects to the Requests on the grounds and to the extent that they ask the Commission to admit any legal conclusion.

11.     To the extent the Requests ask Plaintiff to admit it "is not aware" of purported things, Plaintiff objects to these Requests as beyond the scope of Fed. R. Civ. P. 36, which permits a party to serve written requests for admissions as to matters within the scope of Fed. R. Civ. P. 26(b)(1). The CFTC's knowledge, or lack of knowledge, are not "facts, the application of law to fact, or opinions about either," or do not relate to "the genuineness of any described document" within the meaning of Fed. R. Civ. P. 36(a)(1).  Whether Plaintiff is "aware" of something is not relevant to any claim or defense; nor can it reasonably be calculated to lead to the discovery of admissible evidence.

12.     Discovery in this matter is ongoing. Plaintiff responds to the Request for Admission based upon information and documentation available as of the date hereof and reserves the right to supplement or amend its responses.

13.     Notwithstanding Plaintiff's objections herein, Plaintiff notes that it is willing to meet and confer with Defendants' counsel at an appropriate time to discuss jointly stipulating to the genuineness or admissibility of documents, and to facts that may be undisputed.

14.     Subject to and without waiving the foregoing objections, Plaintiff responds to the Requests as set forth below.

SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSION

1.      Admit that the recorded phone conversation identified as Bates number 13CIV1174-CFTC-0018193 contained no information about trades cleared on NYMEX's ClearPort.

**RESPONSE:** Subject to and without waiving the foregoing General Objections, Request 1 is denied, except Plaintiff admits that the referenced recording does not appear to contain information about specific trades cleared on NYMEX's ClearPort, and that in the conversation Curtin, among other relevant statements, disclosed non-public information to defendant Eibschutz.

2.      Admit that the recorded phone conversation identified as Bates number 13CIV1174-CFTC-0018193 contained no information about commodity contract trades cleared on NYMEX's ClearPort.

**RESPONSE:** Subject to and without waiving the foregoing General Objections, Request 2 is denied, except Plaintiff admits that the referenced recording does not appear to contain information about specific trades cleared on NYMEX's ClearPort, and that in the conversation Curtin, among other relevant statements, disclosed non-public information to defendant Eibschutz.

3.      Admit that Curtin only received meals, drinks, or entertainment from Ron Eibschutz consistent with practices in the commodity markets industry.

**RESPONSE:** In addition to the foregoing General Objections, Plaintiff objects to Request 3 on the grounds that it is not susceptible to admission by any party other than defendants Curtin and Eibschutz, as only they can know the full extent of the meals, drinks and entertainment that Curtin received, and on the ground that Request 3 is vague and ambiguous, in particular with regard to the phrase "practices in the commodity markets industry."  Subject to and without waiving the foregoing objections, Request 3 is denied.

4.      Admit that Curtin's alleged receipt of meals, drinks, or entertainment from Ron Eibschutz was consistent with NYMEX's gift and entertainment policy.

**RESPONSE:**   In addition to the foregoing General Objections, Plaintiff objects to Request 4 on the grounds that it is not susceptible to admission by any party other than defendant Curtin, as only he knows the full extent of the meals, drinks and entertainment he received and whether he complied with any applicable NYMEX policies, and on the ground that Request 4 is vague and ambiguous, in particular with regard to the phrase "NYMEX's gift and entertainment policy."  Subject to and without waiving the foregoing objections, Request 4 is denied.

5.      Admit that the price of a commodity contract trade cleared on NYMEX's ClearPort three days in the past is generally available to the trading public.

**RESPONSE:** In addition to the foregoing General Objections, Plaintiff objects to Request 5 on the grounds that it is not susceptible to admission by any party other than defendant NYMEX, and on the grounds that it is vague and ambiguous, in particular with regard to the phrases "price" in this context and "generally available to the trading public."  Subject to and without waiving the foregoing objections, Request 5 is denied.

6.      Admit that the price of a commodity contract trade cleared on NYMEX's ClearPort three days in the past would not be considered important by a reasonable person in deciding whether to trade a particular commodity interest.

**RESPONSE:** In addition to the foregoing General Objections, Plaintiff objects to Request 6 on the grounds that it is vague and ambiguous, as it does not specify any details of the commodities or the trades in question, and with regard to the phrase "price" in this context.  Subject to and without waiving the foregoing objections, Request 6 is denied.

5

7.     Admit that the price of a commodity contract trade was [sic] cleared on NYMEX's ClearPort two days in the past is generally available to the trading public.

**RESPONSE:** In addition to the foregoing General Objections, Plaintiff objects to Request 7 on the grounds that it is not susceptible to admission by any party other than defendant NYMEX, and on the grounds that it is vague and ambiguous, in particular with regard to the phrases "price" in this context and "generally available to the trading public." Subject to and without waiving the foregoing objections, Request 7 is denied.

8.     Admit that the price of a commodity contract trade cleared on NYMEX's ClearPort two days in the past would not be considered important by a reasonable person in deciding whether to trade a particular commodity interest.

**RESPONSE:** In addition to the foregoing General Objections, Plaintiff objects to Request 8 on the grounds that it is vague and ambiguous, as it does not specify any details of the commodities or the trades in question, and with regard to the phrase "price" in this context. Subject to and without waiving the foregoing objections, Request 8 is denied.

9.     Admit that the price of a commodity contract trade cleared on NYMEX's ClearPort one day in the past is generally available to the trading public.

**RESPONSE:** In addition to the foregoing General Objections, Plaintiff objects to Request 9 on the grounds that it is not susceptible to admission by any party other than defendant NYMEX, and on the grounds that it is vague and ambiguous, in particular with regard to the phrases "price" in this context and "generally available to the trading public." Subject to and without waiving the foregoing objections, Request 9 is denied.

10.     Admit that the price of a commodity contract trade cleared on NYMEX's ClearPort one day in the past would not be considered important by a reasonable person in deciding whether to trade a particular commodity interest.

**RESPONSE:** In addition to the foregoing General Objections, Plaintiff objects to

Request 10 on the grounds that it is vague and ambiguous, as it does not specify any

details of the commodities or the trades in question, and with regard to the phrase

"price" in this context.  Subject to and without waiving the foregoing objections,

Request 10 is denied.

11.     Admit that the identity of the individual broker to a commodity contract trade cleared on NYMEX's ClearPort would not be considered important by a reasonable person in deciding whether to trade a particular commodity interest.

**RESPONSE:** In addition to the foregoing General Objections, Plaintiff objects to

Request 11 on the grounds that it is vague and ambiguous, as it does not specify any

details of the broker, commodities or the trades in question. Subject to and without

waiving the foregoing objections, Request 11 is denied.

12.     Admit that the identity of the brokerage firm to a commodity contract trade cleared on NYMEX's ClearPort would not be considered important by a reasonable person in deciding whether to trade a particular commodity interest.

**RESPONSE:** In addition to the foregoing General Objections, Plaintiff objects to

Request 12 on the grounds that it is vague and ambiguous, as it does not specify any

details of the brokerage firm, commodities or the trades in question, and .  Subject to

and without waiving the foregoing objections, Request 12 is denied.

13.     Admit that the identity of the individual trader to a commodity contract trade cleared on NYMEX's ClearPort would not be considered important by a reasonable person in deciding whether to trade a particular commodity interest.

**RESPONSE:** In addition to the foregoing General Objections, Plaintiff objects to

Request 13 on the grounds that it is vague and ambiguous, as it does not specify any

7

details of the trader, commodities or the trades in question, and.  Subject to and

without waiving the foregoing objections, Request 13 is denied.

14.     Admit that the identity of the trading firm to a commodity contract trade cleared on NYMEX's ClearPort would not be considered important by a reasonable person in deciding whether to trade a particular commodity interest.

**RESPONSE:** In addition to the foregoing General Objections, Plaintiff objects to

Request 14 on the grounds that it is vague and ambiguous, as it does not specify any

details of the trading firm, commodities or the trades in question, and .  Subject to

and without waiving the foregoing objections, Request 14 is denied.

15.     Admit that the identity of a counterparty to a commodity contract trade of under 500 contracts cleared on NYMEX's ClearPort would not be considered important by a reasonable person in deciding whether to trade a particular commodity interest.

**RESPONSE:** In addition to the foregoing General Objections, Plaintiff objects to

Request 15 on the grounds that it is vague and ambiguous, as it does not specify any

details of the counterparty, commodities or the trades in question, and .  Subject to

and without waiving the foregoing objections, Request 15 is denied.

16.     Admit that the price of a commodity contract trade of under 500 contracts cleared on NYMEX's ClearPort would not be considered important by a reasonable person in deciding whether to trade a particular commodity interest.

**RESPONSE:** In addition to the foregoing General Objections, Plaintiff objects to

Request 16 on the grounds that it is vague and ambiguous, as it does not specify any

details of the commodities or the trades in question, and with regard to the phrase

"price" in this context.  Subject to and without waiving the foregoing objections,

Request 16 is denied.

17.     Admit that the volume of a commodity contract trade of under 500 contracts cleared on NYMEX's ClearPort would not be considered important by a reasonable person in deciding whether to trade a particular commodity interest.

8

**RESPONSE:** In addition to the foregoing General Objections, Plaintiff objects to Request 17 on the grounds that it is vague and ambiguous, as it does not specify any details of the commodities or the trades in question, and.  Subject to and without waiving the foregoing objections, Request 17 is denied.

18.     Admit that the identity of a counterparty to a commodity contract trade of under 100 contracts cleared on NYMEX's ClearPort would not be considered important by a reasonable person in deciding whether to trade a particular commodity interest.

**RESPONSE:** In addition to the foregoing General Objections, Plaintiff objects to Request 18 on the grounds that it is vague and ambiguous, as it does not specify any details of the counterparty, commodities or the trades in question.  Subject to and without waiving the foregoing objections, Request 18 is denied.

19.     Admit that the price of a commodity contract trade of under 100 contracts cleared on NYMEX's ClearPort would not be considered important by a reasonable person in deciding whether to trade a particular commodity interest.

**RESPONSE:** In addition to the foregoing General Objections, Plaintiff objects to Request 19 on the grounds that it is vague and ambiguous, as it does not specify any details of the commodities or the trades in question, and with regard to the phrase "price" in this context.  Subject to and without waiving the foregoing objections, Request 19 is denied.

20.     Admit that the volume of a commodity contract trade of under 100 contracts cleared on NYMEX's ClearPort would not be considered important by a reasonable person in deciding whether to trade a particular commodity interest.

**RESPONSE:** In addition to the foregoing General Objections, Plaintiff objects to Request 20 on the grounds that it is vague and ambiguous, as it does not specify any details of the commodities or the trades in question.  Subject to and without waiving the foregoing objections, Request 20 is denied.

21.     Admit that the identity of a counterparty to a commodity contract trade of under 50 contracts cleared on NYMEX's ClearPort would not be considered important by a reasonable person in deciding whether to trade a particular commodity interest.

**RESPONSE:** In addition to the foregoing General Objections, Plaintiff objects to Request 21 on the grounds that it is vague and ambiguous, as it does not specify any details of the counterparty, commodities or the trades in question.  Subject to and without waiving the foregoing objections, Request 21 is denied.

22.     Admit that the price of a commodity contract trade of under 50 contracts cleared on NYMEX's ClearPort would not be considered important by a reasonable person in deciding whether to trade a particular commodity interest.

**RESPONSE:** In addition to the foregoing General Objections, Plaintiff objects to Request 22 on the grounds that it is vague and ambiguous, as it does not specify any details of the commodities or the trades in question, and with regard to the phrase "price" in this context.  Subject to and without waiving the foregoing objections, Request 22 is denied.

23.     Admit that the volume of a commodity contract trade of under 50 contracts cleared on NYMEX's ClearPort would not be considered important by a reasonable person in deciding whether to trade a particular commodity interest.

**RESPONSE:** In addition to the foregoing General Objections, Plaintiff objects to Request 23 on the grounds that it is vague and ambiguous, as it does not specify any details of the commodities or the trades in question.  Subject to and without waiving the foregoing objections, Request 23 is denied.

24.     Admit that no information about a commodity contract trade of under 50 contracts cleared on NYMEX's ClearPort would not be considered important by a reasonable person in deciding whether to trade a particular commodity interest.

**RESPONSE:** In addition to the foregoing General Objections, Plaintiff objects to Request 24 on the grounds that it is vague and ambiguous, as it does not specify any

details of the commodities or the trades in question.  Subject to and without waiving

the foregoing objections, Request 24 is denied.

25.     Admit that Plaintiff is not aware that the recorded phone conversation
identified as Bates number 13CIV1174-CFTC-0006562 contributed to any decision by any
individual trader to trade any commodity contract.

**RESPONSE:** In addition to the foregoing General Objections, Plaintiff objects to

Request 25 because it concerns irrelevant information, as trading is not required to prove

the violations of Section 9(e)(1) of the Commodity Exchange Act and Commission

Regulation 1.59(d) alleged in the Amended Complaint in this action, and because it is

vague and ambiguous, in particular with regard to the phrase "not aware that the recorded

phone conversation . . . contributed to. . .".  Subject to and without waiving the foregoing

objections, Request 25 is denied, for the reasons set forth in General Objection 11.

26.     Admit that Plaintiff is not aware that the recorded phone conversation
identified as Bates number 13CIV1174-CFTC-0006567 contributed to any decision by any
individual trader to trade any commodity contract.

**RESPONSE:** In addition to the foregoing General Objections, Plaintiff objects to

Request 26 because it concerns irrelevant information, as trading is not required to prove

the violations of Section 9(e)(1) of the Commodity Exchange Act and Commission

Regulation 1.59(d) alleged in the Amended Complaint in this action, and because it is

vague and ambiguous, in particular with regard to the phrase "not aware that the recorded

phone conversation . . . contributed to. . .".  Subject to and without waiving the foregoing

objections, Request 26 is denied, for the reasons set forth in General Objection 11.

27.     Admit that Plaintiff is not aware that the recorded phone conversation
identified as Bates number 13CIV1174-CFTC-0006522 contributed to any decision by any
individual trader to trade any commodity contract.

**RESPONSE:** In addition to the foregoing General Objections, Plaintiff objects to Request 27 because it concerns irrelevant information, as trading is not required to prove the violations of Section 9(e)(1) of the Commodity Exchange Act and Commission Regulation 1.59(d) alleged in the Amended Complaint in this action, and because it is vague and ambiguous, in particular with regard to the phrase "not aware that the recorded phone conversation . . . contributed to. . .". Subject to and without waiving the foregoing objections, Request 27 is denied, for the reasons set forth in General Objection 11.

28.    Admit that Plaintiff is not aware that the recorded phone conversation identified as Bates number 13CIV1174-CFTC-0006528 contributed to any decision by any individual trader to trade any commodity contract.

**RESPONSE:** In addition to the foregoing General Objections, Plaintiff objects to Request 28 because it concerns irrelevant information, as trading is not required to prove the violations of Section 9(e)(1) of the Commodity Exchange Act and Commission Regulation 1.59(d) alleged in the Amended Complaint in this action, and because it is vague and ambiguous, in particular with regard to the phrase "not aware that the recorded phone conversation . . . contributed to. . .". Subject to and without waiving the foregoing objections, Request 28 is denied, for the reasons set forth in General Objection 11.

29.    Admit that Plaintiff is not aware that the recorded phone conversation identified as Bates number 13CIV1174-CFTC-0006529 contributed to any decision by any individual trader to trade any commodity contract.

**RESPONSE:** In addition to the foregoing General Objections, Plaintiff objects to Request 29 because it concerns irrelevant information, as trading is not required to prove the violations of Section 9(e)(1) of the Commodity Exchange Act and Commission Regulation 1.59(d) alleged in the Amended Complaint in this action, and because it is vague and ambiguous, in particular with regard to the phrase "not aware that the recorded

12

phone conversation . . . contributed to. . .".  Subject to and without waiving the foregoing

objections, Request 29 is denied, for the reasons set forth in General Objection 11.

30.     Admit that Plaintiff is not aware that the recorded phone conversation
identified as Bates number 13CIV1174-CFTC-0006577 contributed to any decision by any
individual trader to trade any commodity contract.

**RESPONSE:** In addition to the foregoing General Objections, Plaintiff objects to

Request 30 because it concerns irrelevant information, as trading is not required to prove

the violations of Section 9(e)(1) of the Commodity Exchange Act and Commission

Regulation 1.59(d) alleged in the Amended Complaint in this action, and because it is

vague and ambiguous, in particular with regard to the phrase "not aware that the recorded

phone conversation . . . contributed to. . .".  Subject to and without waiving the foregoing

objections, Request 30 is denied, for the reasons set forth in General Objection 11.

31.     Admit that Plaintiff is not aware that the recorded phone conversation
identified as Bates number 13CIV1174-CFTC-0006578 contributed to any decision by any
individual trader to trade any commodity contract.

**RESPONSE:** In addition to the foregoing General Objections, Plaintiff objects to

Request 31 because it concerns irrelevant information, as trading is not required to prove

the violations of Section 9(e)(1) of the Commodity Exchange Act and Commission

Regulation 1.59(d) alleged in the Amended Complaint in this action, and because it is

vague and ambiguous, in particular with regard to the phrase "not aware that the recorded

phone conversation . . . contributed to. . .".  Subject to and without waiving the foregoing

objections, Request 31 is denied, for the reasons set forth in General Objection 11.

32.     Admit that Plaintiff is not aware that the recorded phone conversation
identified as Bates number 13CIV1174-CFTC-0006594 contributed to any decision by any
individual trader to trade any commodity contract.

**RESPONSE:** In addition to the foregoing General Objections, Plaintiff objects to

Request 32 because it concerns irrelevant information, as trading is not required to prove

the violations of Section 9(e)(1) of the Commodity Exchange Act and Commission

Regulation 1.59(d) alleged in the Amended Complaint in this action, and because it is

vague and ambiguous, in particular with regard to the phrase "not aware that the recorded

phone conversation . . . contributed to. . .".  Subject to and without waiving the foregoing

objections, Request 32 is denied, for the reasons set forth in General Objection 11.

33.     Admit that Plaintiff is not aware that the recorded phone conversation
identified as Bates number 13CIV1174-CFTC-0018232 contributed to any decision by any
individual trader to trade any commodity contract.

**RESPONSE:** In addition to the foregoing General Objections, Plaintiff objects to

Request 33 because it concerns irrelevant information, as trading is not required to prove

the violations of Section 9(e)(1) of the Commodity Exchange Act and Commission

Regulation 1.59(d) alleged in the Amended Complaint in this action, and because it is

vague and ambiguous, in particular with regard to the phrase "not aware that the recorded

phone conversation . . . contributed to. . .".  Subject to and without waiving the foregoing

objections, Request 33 is denied, for the reasons set forth in General Objection 11.

34.     Admit that Plaintiff is not aware that the recorded phone conversation
identified as Bates number 13CIV1174-CFTC-0018233 contributed to any decision by any
individual trader to trade any commodity contract.

**RESPONSE:** In addition to the foregoing General Objections, Plaintiff objects to

Request 34 because it concerns irrelevant information, as trading is not required to prove

the violations of Section 9(e)(1) of the Commodity Exchange Act and Commission

Regulation 1.59(d) alleged in the Amended Complaint in this action, and because it is

vague and ambiguous, in particular with regard to the phrase "not aware that the recorded

phone conversation . . . contributed to. . .".  Subject to and without waiving the foregoing

objections, Request 34 is denied, for the reasons set forth in General Objection 11.

35.     Admit that Plaintiff is not aware that the recorded phone conversation identified as Bates number 13CIV1174-CFTC-0018264 contributed to any decision by any individual trader to trade any commodity contract.

**RESPONSE:** In addition to the foregoing General Objections, Plaintiff objects to

Request 35 because it concerns irrelevant information, as trading is not required to prove

the violations of Section 9(e)(1) of the Commodity Exchange Act and Commission

Regulation 1.59(d) alleged in the Amended Complaint in this action, and because it is

vague and ambiguous, in particular with regard to the phrase "not aware that the recorded

phone conversation . . . contributed to. . .".  Subject to and without waiving the foregoing

objections, Request 35 is denied, for the reasons set forth in General Objection 11.

36.     Admit that Plaintiff is not aware that the recorded phone conversation identified as Bates number 13CIV1174-CFTC-0018169 contributed to any decision by any individual trader to trade any commodity contract.

**RESPONSE:** In addition to the foregoing General Objections, Plaintiff objects to

Request 36 because it concerns irrelevant information, as trading is not required to prove

the violations of Section 9(e)(1) of the Commodity Exchange Act and Commission

Regulation 1.59(d) alleged in the Amended Complaint in this action, and because it is

vague and ambiguous, in particular with regard to the phrase "not aware that the recorded

phone conversation . . . contributed to. . .".  Subject to and without waiving the foregoing

objections, Request 36 is denied, for the reasons set forth in General Objection 11.

37.     Admit that Plaintiff is not aware that the recorded phone conversation identified as Bates number 13CIV1174-CFTC-0018179 contributed to any decision by any individual trader to trade any commodity contract.

**RESPONSE:** In addition to the foregoing General Objections, Plaintiff objects to Request 37 because it concerns irrelevant information, as trading is not required to prove the violations of Section 9(e)(1) of the Commodity Exchange Act and Commission Regulation 1.59(d) alleged in the Amended Complaint in this action, and because it is vague and ambiguous, in particular with regard to the phrase "not aware that the recorded phone conversation . . . contributed to. . .".  Subject to and without waiving the foregoing objections, Request 37 is denied, for the reasons set forth in General Objection 11.

38.     Admit that Plaintiff is not aware that the recorded phone conversation identified as Bates number 13CIV1174-CFTC-0018194 contributed to any decision by any individual trader to trade any commodity contract.

**RESPONSE:** In addition to the foregoing General Objections, Plaintiff objects to Request 38 because it concerns irrelevant information, as trading is not required to prove the violations of Section 9(e)(1) of the Commodity Exchange Act and Commission Regulation 1.59(d) alleged in the Amended Complaint in this action, and because it is vague and ambiguous, in particular with regard to the phrase "not aware that the recorded phone conversation . . . contributed to. . .".  Subject to and without waiving the foregoing objections, Request 38 is denied, for the reasons set forth in General Objection 11.

39.     Admit that Plaintiff is not aware that the recorded phone conversation identified as Bates number 13CIV1174-CFTC-0018234 contributed to any decision by any individual trader to trade any commodity contract.

**RESPONSE:** In addition to the foregoing General Objections, Plaintiff objects to Request 39 because it concerns irrelevant information, as trading is not required to prove the violations of Section 9(e)(1) of the Commodity Exchange Act and Commission Regulation 1.59(d) alleged in the Amended Complaint in this action, and because it is vague and ambiguous, in particular with regard to the phrase "not aware that the recorded

16

phone conversation . . . contributed to. . .".  Subject to and without waiving the foregoing

objections, Request 39 is denied, for the reasons set forth in General Objection 11.

40.     Admit that Plaintiff is not aware that the recorded phone conversation
identified as Bates number 13CIV1174-CFTC-0018235 contributed to any decision by any
individual trader to trade any commodity contract.

**RESPONSE:** In addition to the foregoing General Objections, Plaintiff objects to

Request 40 because it concerns irrelevant information, as trading is not required to prove

the violations of Section 9(e)(1) of the Commodity Exchange Act and Commission

Regulation 1.59(d) alleged in the Amended Complaint in this action, and because it is

vague and ambiguous, in particular with regard to the phrase "not aware that the recorded

phone conversation . . . contributed to. . .".  Subject to and without waiving the foregoing

objections, Request 40 is denied, for the reasons set forth in General Objection 11.

41.     Admit that Plaintiff is not aware that the recorded phone conversation
identified as Bates number 13CIV1174-CFTC-0018236 contributed to any decision by any
individual trader to trade any commodity contract.

**RESPONSE:** In addition to the foregoing General Objections, Plaintiff objects to

Request 41 because it concerns irrelevant information, as trading is not required to prove

the violations of Section 9(e)(1) of the Commodity Exchange Act and Commission

Regulation 1.59(d) alleged in the Amended Complaint in this action, and because it is

vague and ambiguous, in particular with regard to the phrase "not aware that the recorded

phone conversation . . . contributed to. . .".  Subject to and without waiving the foregoing

objections, Request 41 is denied, for the reasons set forth in General Objection 11.

42.     Admit that Plaintiff is not aware that the recorded phone conversation
identified as Bates number 13CIV1174-CFTC-0006562 contributed to any decision by any
trading firm to trade any commodity contract.

**RESPONSE:** In addition to the foregoing General Objections, Plaintiff objects to Request 42 because it concerns irrelevant information, as trading is not required to prove the violations of Section 9(e)(1) of the Commodity Exchange Act and Commission Regulation 1.59(d) alleged in the Amended Complaint in this action, and because it is vague and ambiguous, in particular with regard to the phrase "not aware that the recorded phone conversation . . . contributed to. . .".  Subject to and without waiving the foregoing objections, Request 42 is denied, for the reasons set forth in General Objection 11.

43.     Admit that Plaintiff is not aware that the recorded phone conversation identified as Bates number 13CIV1174-CFTC-0006567 contributed to any decision by any trading firm to trade any commodity contract.

**RESPONSE:** In addition to the foregoing General Objections, Plaintiff objects to Request 43 because it concerns irrelevant information, as trading is not required to prove the violations of Section 9(e)(1) of the Commodity Exchange Act and Commission Regulation 1.59(d) alleged in the Amended Complaint in this action, and because it is vague and ambiguous, in particular with regard to the phrase "not aware that the recorded phone conversation . . . contributed to. . .".  Subject to and without waiving the foregoing objections, Request 43 is denied, for the reasons set forth in General Objection 11.

44.     Admit that Plaintiff is not aware that the recorded phone conversation identified as Bates number 13CIV1174-CFTC-0006522 contributed to any decision by any trading firm to trade any commodity contract.

**RESPONSE:** In addition to the foregoing General Objections, Plaintiff objects to Request 44 because it concerns irrelevant information, as trading is not required to prove the violations of Section 9(e)(1) of the Commodity Exchange Act and Commission Regulation 1.59(d) alleged in the Amended Complaint in this action, and because it is vague and ambiguous, in particular with regard to the phrase "not aware that the recorded

18

phone conversation . . . contributed to. . .".  Subject to and without waiving the foregoing

objections, Request 44 is denied, for the reasons set forth in General Objection 11.

45.     Admit that Plaintiff is not aware that the recorded phone conversation identified as Bates number 13CIV1174-CFTC-0006528 contributed to any decision by any trading firm to trade any commodity contract.

**RESPONSE:** In addition to the foregoing General Objections, Plaintiff objects to

Request 45 because it concerns irrelevant information, as trading is not required to prove

the violations of Section 9(e)(1) of the Commodity Exchange Act and Commission

Regulation 1.59(d) alleged in the Amended Complaint in this action, and because it is

vague and ambiguous, in particular with regard to the phrase "not aware that the recorded

phone conversation . . . contributed to. . .".  Subject to and without waiving the foregoing

objections, Request 45 is denied, for the reasons set forth in General Objection 11.

46.     Admit that Plaintiff is not aware that the recorded phone conversation identified as Bates number 13CIV1174-CFTC-0006529 contributed to any decision by any trading firm to trade any commodity contract.

**RESPONSE:** In addition to the foregoing General Objections, Plaintiff objects to

Request 46 because it concerns irrelevant information, as trading is not required to prove

the violations of Section 9(e)(1) of the Commodity Exchange Act and Commission

Regulation 1.59(d) alleged in the Amended Complaint in this action, and because it is

vague and ambiguous, in particular with regard to the phrase "not aware that the recorded

phone conversation . . . contributed to. . .".  Subject to and without waiving the foregoing

objections, Request 46 is denied, for the reasons set forth in General Objection 11.

47.     Admit that Plaintiff is not aware that the recorded phone conversation identified as Bates number 13CIV1174-CFTC-0006577 contributed to any decision by any trading firm to trade any commodity contract.

**RESPONSE:** In addition to the foregoing General Objections, Plaintiff objects to Request 47 because it concerns irrelevant information, as trading is not required to prove the violations of Section 9(e)(1) of the Commodity Exchange Act and Commission Regulation 1.59(d) alleged in the Amended Complaint in this action, and because it is vague and ambiguous, in particular with regard to the phrase "not aware that the recorded phone conversation . . . contributed to. . .".  Subject to and without waiving the foregoing objections, Request 47 is denied, for the reasons set forth in General Objection 11.

48.     Admit that Plaintiff is not aware that the recorded phone conversation identified as Bates number 13CIV1174-CFTC-0006578 contributed to any decision by any trading firm to trade any commodity contract.

**RESPONSE:** In addition to the foregoing General Objections, Plaintiff objects to Request 48 because it concerns irrelevant information, as trading is not required to prove the violations of Section 9(e)(1) of the Commodity Exchange Act and Commission Regulation 1.59(d) alleged in the Amended Complaint in this action, and because it is vague and ambiguous, in particular with regard to the phrase "not aware that the recorded phone conversation . . . contributed to. . .".  Subject to and without waiving the foregoing objections, Request 48 is denied, for the reasons set forth in General Objection 11.

49.     Admit that Plaintiff is not aware that the recorded phone conversation identified as Bates number 13CIV1174-CFTC-0006594 contributed to any decision by any trading firm to trade any commodity contract.

**RESPONSE:** In addition to the foregoing General Objections, Plaintiff objects to Request 49 because it concerns irrelevant information, as trading is not required to prove the violations of Section 9(e)(1) of the Commodity Exchange Act and Commission Regulation 1.59(d) alleged in the Amended Complaint in this action, and because it is vague and ambiguous, in particular with regard to the phrase "not aware that the recorded

phone conversation . . . contributed to. . .".  Subject to and without waiving the foregoing

objections, Request 49 is denied, for the reasons set forth in General Objection 11.

50.     Admit that Plaintiff is not aware that the recorded phone conversation
identified as Bates number 13CIV1174-CFTC-0018232 contributed to any decision by any
trading firm to trade any commodity contract.

**RESPONSE:** In addition to the foregoing General Objections, Plaintiff objects to

Request 50 because it concerns irrelevant information, as trading is not required to prove

the violations of Section 9(e)(1) of the Commodity Exchange Act and Commission

Regulation 1.59(d) alleged in the Amended Complaint in this action, and because it is

vague and ambiguous, in particular with regard to the phrase "not aware that the recorded

phone conversation . . . contributed to. . .".  Subject to and without waiving the foregoing

objections, Request 50 is denied, for the reasons set forth in General Objection 11.

51.     Admit that Plaintiff is not aware that the recorded phone conversation
identified as Bates number 13CIV1174-CFTC-0018232 contributed to any decision by any
trading firm to trade any commodity contract.

**RESPONSE:** In addition to the foregoing General Objections, Plaintiff objects to

Request 51 because it concerns irrelevant information, as trading is not required to prove

the violations of Section 9(e)(1) of the Commodity Exchange Act and Commission

Regulation 1.59(d) alleged in the Amended Complaint in this action, and because it is

vague and ambiguous, in particular with regard to the phrase "not aware that the recorded

phone conversation . . . contributed to. . .".  Subject to and without waiving the foregoing

objections, Request 51 is denied, for the reasons set forth in General Objection 11.

52.     Admit that Plaintiff is not aware that the recorded phone conversation
identified as Bates number 13CIV1174-CFTC-0018264 contributed to any decision by any
trading firm to trade any commodity contract.

**RESPONSE:** In addition to the foregoing General Objections, Plaintiff objects to Request 52 because it concerns irrelevant information, as trading is not required to prove the violations of Section 9(e)(1) of the Commodity Exchange Act and Commission Regulation 1.59(d) alleged in the Amended Complaint in this action, and because it is vague and ambiguous, in particular with regard to the phrase "not aware that the recorded phone conversation . . . contributed to. . .".  Subject to and without waiving the foregoing objections, Request 52 is denied, for the reasons set forth in General Objection 11.

53.     Admit that Plaintiff is not aware that the recorded phone conversation identified as Bates number 13CIV1174-CFTC-0018169 contributed to any decision by any trading firm to trade any commodity contract.

**RESPONSE:** In addition to the foregoing General Objections, Plaintiff objects to Request 53 because it concerns irrelevant information, as trading is not required to prove the violations of Section 9(e)(1) of the Commodity Exchange Act and Commission Regulation 1.59(d) alleged in the Amended Complaint in this action, and because it is vague and ambiguous, in particular with regard to the phrase "not aware that the recorded phone conversation . . . contributed to. . .".  Subject to and without waiving the foregoing objections, Request 53 is denied, for the reasons set forth in General Objection 11.

54.     Admit that Plaintiff is not aware that the recorded phone conversation identified as Bates number 13CIV1174-CFTC-0018179 contributed to any decision by any trading firm to trade any commodity contract.

**RESPONSE:** In addition to the foregoing General Objections, Plaintiff objects to Request 54 because it concerns irrelevant information, as trading is not required to prove the violations of Section 9(e)(1) of the Commodity Exchange Act and Commission Regulation 1.59(d) alleged in the Amended Complaint in this action, and because it is vague and ambiguous, in particular with regard to the phrase "not aware that the recorded

phone conversation . . . contributed to. . .".  Subject to and without waiving the foregoing

objections, Request 54 is denied, for the reasons set forth in General Objection 11.

55.     Admit that Plaintiff is not aware that the recorded phone conversation identified as Bates number 13CIV1174-CFTC-0018194 contributed to any decision by any trading firm to trade any commodity contract.

**RESPONSE:** In addition to the foregoing General Objections, Plaintiff objects to

Request 55 because it concerns irrelevant information, as trading is not required to prove

the violations of Section 9(e)(1) of the Commodity Exchange Act and Commission

Regulation 1.59(d) alleged in the Amended Complaint in this action, and because it is

vague and ambiguous, in particular with regard to the phrase "not aware that the recorded

phone conversation . . . contributed to. . .".  Subject to and without waiving the foregoing

objections, Request 55 is denied, for the reasons set forth in General Objection 11.

56.     Admit that Plaintiff is not aware that the recorded phone conversation identified as Bates number 13CIV1174-CFTC-0006528 contributed to any decision by any trading firm to trade any commodity contract.

**RESPONSE:** In addition to the foregoing General Objections, Plaintiff objects to

Request 56 because it concerns irrelevant information, as trading is not required to prove

the violations of Section 9(e)(1) of the Commodity Exchange Act and Commission

Regulation 1.59(d) alleged in the Amended Complaint in this action, and because it is

vague and ambiguous, in particular with regard to the phrase "not aware that the recorded

phone conversation . . . contributed to. . .".  Subject to and without waiving the foregoing

objections, Request 56 is denied, for the reasons set forth in General Objection 11.

57.     Admit that Plaintiff is not aware that the recorded phone conversation identified as Bates number 13CIV1174-CFTC-0006528 contributed to any decision by any trading firm to trade any commodity contract.

**RESPONSE:** In addition to the foregoing General Objections, Plaintiff objects to

Request 57 because it concerns irrelevant information, as trading is not required to prove

the violations of Section 9(e)(1) of the Commodity Exchange Act and Commission

Regulation 1.59(d) alleged in the Amended Complaint in this action, and because it is

vague and ambiguous, in particular with regard to the phrase "not aware that the recorded

phone conversation . . . contributed to. . .".  Subject to and without waiving the foregoing

objections, Request 57 is denied, for the reasons set forth in General Objection 11.

58.      Admit that Plaintiff is not aware that the recorded phone conversation
identified as Bates number 13CIV1174-CFTC-0006528 contributed to any decision by any
trading firm to trade any commodity contract.

**RESPONSE:** In addition to the foregoing General Objections, Plaintiff objects to

Request 58 because it concerns irrelevant information, as trading is not required to prove

the violations of Section 9(e)(1) of the Commodity Exchange Act and Commission

Regulation 1.59(d) alleged in the Amended Complaint in this action, and because it is

vague and ambiguous, in particular with regard to the phrase "not aware that the recorded

phone conversation . . . contributed to. . .".  Subject to and without waiving the foregoing

objections, Request 58 is denied, for the reasons set forth in General Objection 11.

59.      Admit that Plaintiff is not aware that any of the Curtin disclosures alleged in
the Complaint contributed to the execution of any commodity contract trade.

**RESPONSE:** In addition to the foregoing General Objections, Plaintiff objects to

Request 59 because it concerns irrelevant information, as trading is not required to prove

the violations of Section 9(e)(1) of the Commodity Exchange Act and Commission

Regulation 1.59(d) alleged in the Amended Complaint in this action, and because it is

vague and ambiguous, in particular with regard to the phrase "not aware that any of the

Curtin disclosures . . . contributed to. . .".  Subject to and without waiving the foregoing

objections, Request 59 is denied.

Dated:  February 16, 2016

<div style="margin-left: 40%;">

U.S. COMMODITY FUTURES
TRADING COMMISSION

By:_____

David W. MacGregor  (dmacgregor@cftc.gov)
Patryk J. Chudy  (pchudy@cftc.gov)
Patrick Daly  (pdaly@cftc.gov)
James Wheaton  (jwheaton@cftc.gov)
Gabriella Geanuleas, Esq. (ggeanuleas@cftc.gov)

Division of Enforcement
140 Broadway, 19th Floor
New York, New York 10005

Phone: (646) 746-9700

</div>

## CERTIFICATE OF SERVICE

       I hereby certify that on this 16th day of February 2016, I caused a true and correct copy of the foregoing **Plaintiff's Responses and Objections to Defendant Curtin's Requests for Admission** to be served via electronic mail upon counsel as follows:

Albert L. Hogan III, Esq. (Al.Hogan@skadden.com)
Marcella Lape, Esq. (Marcella.Lape@skadden.com)
Skadden, Arps, Slate, Meagher & Flom LLP
155 N. Wacker Drive
Chicago, Illinois  60606

Robert Herskovits, Esq. (robert@herskovitslaw.com)
Herskovits PLLC
1065 Avenue of the Americas
27th Floor
New York, New York 10018

Samuel F. Abernethy, Esq. (sfa@mhjur.com)
Menaker & Herrmann LLP
10 East 40th Street
New York, NY 10016

Paul Shechtman, Esq. (pshechtman@zuckerman.com)
Zuckerman Spaeder LLP
399 Park Avenue, 14 Floor
New York, NY  10022-4614

 

Patrick Daly
Division of Enforcement
140 Broadway
New York, New York, 10005
(646) 746-9843
pdaly@cftc.gov