# Exhibit 24



**U.S. COMMODITY FUTURES TRADING COMMISSION**
140 Broadway
New York, New York 10005
Telephone: (646) 746-9733
Facsimile: (646) 746-9940

Division of
Enforcement

October 13, 2016

**Filed on ECF**

The Honorable Vernon S. Broderick
United States District Court
Southern District of New York
40 Foley Square, Room 415
New York, NY 10007

      Re: *CFTC v. Byrnes*, 13 Civ. 1174 (VSB)

Dear Judge Broderick:

      On behalf of Plaintiff the U.S. Commodity Futures Trading Commission ("CFTC" or "Commission"), we respectfully submit this joint response in opposition to the pre-motion letters filed by individual defendants William Byrnes ("Byrnes") and Christopher Curtin ("Curtin").

### The Plain Language of Section 9(e)(1) and Regulation 1.59 Prohibit the Disclosure of Material Non-Public Information

      For the first time, Byrnes is seeking to raise what could have been raised as a challenge to the pleadings on a motion to dismiss – *i.e.*, that liability does not attach under Section 9(e)(1) of the Commodity Exchange Act ("Act"), 7 U.S.C. §13(e), or Regulation 1.59 in the absence of trading. Byrnes' argument fails.[1] The plain language of Section 9(e)(1) of the Act, in pertinent part, prohibits "any person":

> (1)    Who is an employee …, in violation of a regulation issued by the Commission, ***willfully and knowingly to trade*** for such person's own account, or for or on behalf of any other account, in contracts for future delivery or options thereon on the basis of, ***or willfully and knowingly to disclose for any purpose inconsistent with the performance of such person's official duties*** as an employee …, any material nonpublic information obtained through special access related to the performance of such duties. (emphasis added).

      The statute has distinct prohibitions – as reflected by the disjunctive term "or" – against disclosing material, nonpublic information and trading on the basis of such information. The language of Commission Regulation 1.59 follows a similar structure.[2]

---

[1] Contrary to Byrnes' suggestion, the Commission has previously asserted claims under Section 9(e)(1) and Commission Regulation 1.59. *See, e.g., In re Alvin Perez,* Comm. Fut. L. Rep. (CCH) ¶ 30,900 (Aug. 26, 2008) (2007-2009 Transfer Binder) (NYMEX employee violated Section 9(f)(1) (now 9(e)(1)) of the Act and Regulation 1.59(d)(1)(ii) by disclosing material, nonpublic information relating to NYMEX compliance department investigations).

[2] Commission Regulation 1.59 states: "(d) *Prohibited conduct.* (1) No employee, governing board member, committee member, or consultant shall: (i) Trade for such person's own account, or for or on behalf of any other account, in any commodity interest, on the basis of any material, non-public information obtained through special access related to the performance of such person's official duties as an employee, governing board member, committee member, or consultant; or (ii) Disclose for any purpose inconsistent with the performance of such

Here, the Amended Complaint charges Byrnes and Curtin with unlawfully disclosing material, non-public information in violation of Section 9(e)(1) and Regulation 1.59(d)(1)(ii); they were not charged with trading on the basis of such information. Because trading is not an element of the charged offense under the statute or the regulation, the CFTC need not establish that Byrnes, Curtin or Eibschutz (or anyone else) traded on the basis of any material, non-public information, in order to establish liability.

This Court should give effect to the plain language of the statute and regulation. *See, e.g., Friends of Animals v. Clay*, 811 F.3d 94, 98-99 (2d Cir. 2016) (affirming summary judgment upholding governmental action authorized by the plain language of the relevant federal regulation). Moreover, because the statute is clear on its face, there is no need to delve into the legislative history to divine Congressional intent. *See U.S. v. Rowland*, 826 F.3d 100, 108 (2d Cir. 2016) ("We resort to legislative history only if, after consulting cannons of statutory construction, the meaning remains ambiguous."). Nor is there any need to refer to the title of the act, which courts routinely acknowledge is for reference only and does not modify the plain language in the absence of ambiguity. *See Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 212, 141 L. Ed. 2d 215, 118 S. Ct. 1952 (1998) (disregarding a statute's title after finding the statute was unambiguous and noting that "[T]he title of a statute … cannot limit the plain meaning of the text.").

### The Information Disclosed By Byrnes and Curtin Was Material

This Court should deny defendants' request to move for summary judgment as to materiality. Byrnes and Curtin's contention that none of the information they disclosed was material ignores the plain language definition of materiality in Regulation 1.59. As discussed in its Pre-Motion Letter, the CFTC is entitled to summary judgment based on the plain language of the regulation. Indeed, Curtin's proffered expert, Robert Silvay conceded during his deposition testimony that a purchase or sale of a particular contract affects a trader's position in that contract. This fact is consistent with the CFTC's argument that the disclosures about recently executed trades "relate to" present or anticipated futures or options positions, and fall within the definition of "material information" in Regulation 1.59(a)(5). If it is necessary to establish on the basis of other evidence that a reasonable trader would find the information important in making an investment decision, then at best, it would raise a factual issue for trial.[3]

Materiality may be established either by evidence of contemporaneous words and deeds of those involved, or by expert testimony. *SEC v. Mayhew,* 121 F.3d 44, 52 (2d Cir. 1997) ("a major factor in determining whether information was material is the importance attached to it by those who knew about it"). Here, contrary to Byrnes' mischaracterization of the trade information as "historical," most of the disclosures related to trades in options on futures contracts which typically would be exercised or expire at some point in the future. Many disclosures occurred on the same day or the next day of the trade in question. Further, the evidence which demonstrates the importance of the information includes contemporaneous statements of percipient witnesses, including, for example, a discussion between Byrnes and Eibschutz about a trade in which Eibschutz states: "S**t. That's a f***ing huge f***ing trade;"[4] the testimony of a trader whose trade information was disclosed who was concerned that he could get "run over"; the testimony of a co-worker of Eibschutz who characterized the information as "priceless"; as well as the testimony of the Commission's expert.

---

person's official duties as an employee, governing board member, committee member, or consultant any material non-public information obtained through special access related to the performance of such duties."

[3] Furthermore, Byrnes incorrectly claims there is no factual basis for the allegation in the Amended Complaint that the disclosures included trading strategies. Certain of the disclosure calls refer to, for example, trades involving fences or straddles. As admitted by a NYMEX witness, for instance, fences and straddles are options trading strategies. *See, e.g.,* Keating Investigative Testimony at 21:22 - 22:12 (2/13/12).

[4] Byrnes Dep. Exh. 77.

2

### Defendants' Request to Seek to Preclude Plaintiff's Expert is Improper and Premature

Defendants seek permission to move to exclude testimony of the CFTC's expert, Dr. Hendrick Bessembinder, principally because he is an academic rather than a trader.[5] Such motion lacks merit, given Dr. Bessembinder's qualifications and the manner in which he formed his opinions in this matter. Among other qualifications, Dr. Bessembinder is Professor of Finance at W.P. Carey School of Business, Arizona State University. His research, consistently published in prominent peer-reviewed finance journals, focuses on financial and commodity markets, including futures and energy markets. Much of his published research considers aspects of trading, including market rules, trading strategies, trading costs, price impacts, order submission strategies, and market liquidity. Particularly relevant here, Dr. Bessembinder has published studies on market transparency; specifically, the effect of the release of information about trades and market conditions. Dr. Bessembinder has been qualified as an expert in trading-related matters on multiple occasions.

As to his methodology, in brief, to reach his conclusions as to the importance of the disclosed information, Dr. Bessembinder listened to the recorded disclosures, drew on his research, the academic literature, and review of daily trading volume and economic analysis for the contracts most frequently involved. He analyzed, among other things, whether the disclosures involved occurred in thinly traded markets or involved economically large trades, trading strategies, trades by the same market participant over multiple days, or trades by market participants viewed as particularly skilled. Motion practice at this stage as to Dr. Bessembinder's opinions would also be premature because the materiality of the disclosures can be established independently of expert testimony. Plaintiff vehemently disagrees with defendants' characterizations of Dr. Bessembinder's testimony and opinions and will respond in due course at the appropriate time.

### There is No Genuine Dispute that the Information Disclosed Was Non-Public

Despite concessions by NYMEX, Byrnes and Eibschutz, Curtin continues to maintain that the information that he disclosed to Eibschutz was generally available to the trading public. The opinions of Curtin's expert appear to rely on market rumors from the "brokerage process" to contend that the information was non-public. However, case law is clear that a market rumor does not preclude information from an insider from being "non-public." *See U.S. v. Mylett*, 97 F.3d 663, 666-667 (2d Cir. 1996) (finding that tip from corporate insider which is more reliable or specific than public rumors is non-public despite existence of such rumors). Moreover, Silvay's opinions on this topic are broad, unsubstantiated generalizations that have no nexus to the disclosures at issue. The CFTC will seek to exclude these opinions at trial.

For the foregoing reasons, the CFTC respectfully requests that the Court deny the requests by Byrnes and Curtin to file motions for summary judgment.

Respectfully submitted,

Patryk J. Chudy

cc: Counsel of Record

---

[5] The CFTC adopts herein by reference the points that it makes in response to the pre-motion letter of NYMEX.

3