# BRACEWELL

April 19, 2017

**<u>VIA ECF</u>**

Honorable Vernon S. Broderick
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    <u>U.S. Commodities Futures Trading Commission v. Byrnes, et al.</u>,
             Civil Action No. 13-CV-1174 (VSB)

Dear Judge Broderick:

      This reply submission is made on behalf of defendant Ron Eibschutz.

      The CFTC's position in this case is this:  <u>First</u>, even though the statute at issue (7 U.S.C. §13(e)(1)) requires the CFTC to prove that Byrnes and Curtin disclosed "material non-public information" to Mr. Eibschutz, materiality is not required because the CFTC has adopted a regulation (Reg. 1.59) that supposedly creates classes of information the disclosure of which are <u>per se</u> material.  That is so despite the fact that in adopting the regulation, the CFTC announced that the identified information "would be considered 'material' only if a reasonable person would consider it important in making a trading decision."  <u>See</u> 58 Fed. Reg. 54966 at 54971.

      <u>Second</u>, if materiality is required, the information Byrnes and Curtin disclosed to Mr. Eibschutz was material to a reasonable investor, even though no one traded on it, or contemplated trading on it, and even though no witness, lay or expert, has testified that a person could discern a trader's position or strategy, and thus gain a trading edge, from the isolated, backward-looking information that was disclosed.

      <u>Third</u>, even though the statute at issue requires a showing of scienter (that the defendant "willfully and knowingly disclosed . . . material non-public information"), the CFTC is not required to show that Mr. Eibschutz knew he was receiving material non-public information, but simply that he knew he was receiving information to which he was not entitled.

**Paul Shechtman**     T: +1.212.508.6107     F: +1.800.404.3970
**Partner**     1251 Avenue of the Americas, 49th Floor, New York, New York 10020-1100
            paul.shechtman@bracewell.com     bracewell.com

AUSTIN   CONNECTICUT   DALLAS   DUBAI   HOUSTON   LONDON   NEW YORK   SAN ANTONIO   SEATTLE   WASHINGTON, DC

# BRACEWELL

April 19, 2017
Page 2

And <u>fourth</u>, if scienter is required as to materiality, the CFTC has somehow met its burden, even though none of the individual defendants believed that the disclosures could conceivably assist anyone to trade.

   Merely to state the CFTC's position on these four issues is to recognize that the CFTC has it wrong. The CFTC seeks substantial monetary damages from Mr. Eibschutz, who has no resources, for violating an insider trading prohibition, when no material inside information was disclosed and no one ever thought of trading. Put simply, neither the facts nor the law supports the CFTC's novel arguments in this case. We join the briefs of our co-defendants, which discuss these issues thoughtfully in greater detail.

   I thank the Court again for allowing this submission to be made by letter.

                Respectfully submitted,

                Paul Shechtman
                Partner

PS/wr