UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION,<br><br>                          Plaintiff,<br>      v.<br><br>WILLIAM BYRNES,<br>CHRISTOPHER CURTIN,<br>THE NEW YORK MERCANTILE<br>EXCHANGE, INC., and RON EIBSCHUTZ,<br><br>                          Defendants. | Case No.  13-CIV-1174 (VSB)<br><br>ECF Case |

### DEFENDANT WILLIAM BYRNES' COUNTERSTATEMENT TO PLAINTIFF'S STATEMENT OF ADDITIONAL MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1

Defendant William Byrnes ("Defendant" or "Byrnes") submits the following Counterstatement to the CFTC's Statement of Additional Material Facts ("Plaintiff's Additional Facts") pursuant to Local Rule 56.1.

### General Objections

Local Rule 56.1(b) states that a party may submit "if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts as to which ***it is contended that there exists a genuine issue to be tried***." (emphasis added).  Plaintiff's Additional Facts are largely not in contention and are merely a supplement to the Rule 56.1 Statement of Undisputed Material Facts that it filed in support of its cross-motion for summary judgment. Plaintiff's Additional Facts are also not material in that do not tend to prove or disprove any element of Plaintiff's claims.  Many of Plaintiff's Additional Facts merely consist of quoted testimony and therefore are only facts in the sense that they are evidence that such testimony took

1

place.[1]  As such, the Court should disregard Plaintiff's Additional Facts and rely on the underlying documents as they are set forth in the other portions of the record.

**Responses to Plaintiff's Statement of Additional Facts**

1. Plaintiff respectfully incorporates by reference the additional material facts contained in the responses to the 56.1 statements submitted by Curtin and NYMEX.

**Response:**  Byrnes reasserts his General Objections with regard to the additional material facts contained in the CFTCs responses to the 56.1 statements submitted by Curtin and NYMEX.

2. Robert Silvay, a witness designated by Curtin as an expert, testified at his deposition: "People just don't only have instruments on one exchange. They have instruments on multiple exchanges, physical positions." See Ex. 101 (Silvay Dep. 5/12/16) 118:13-118:18.

**Response:**  Byrnes does not dispute that Robert Silvay provided the testimony described in paragraph 2 of Plaintiff's Additional Facts and therefore it violates Local Rule 56.1(b) and should be disregarded.  Byrnes disputes that the existence of this testimony is a material fact.

3. Dr. Hendrik Bessembinder, a witness designated by the Commission as an expert, testified at his deposition, with regard to "packages of options," that "they can be an element of a trading strategy and they can reveal elements of a trading strategy. . . . A single trade is an element of a strategy. A single trade might reveal something about strategies."  See Ex. 103 (Bessembinder Dep. 5/10/16) 114:5-21.

**Response:**  Byrnes does not dispute that Dr. Hendrik Bessembinder provided the testimony described in paragraph 3 of Plaintiff's Additional Facts and therefore it violates Local Rule 56.1(b) and should be disregarded.

4. When asked whether "any of the 79 calls" between Eibschutz and Byrnes or between Eibschutz and Curtin that Dr. Bessembinder reviewed "disclosed a trading strategy," Bessembinder

---

[1] By contrast, Byrnes cited to testimony in his Rule 56.1 Statement for the purpose of establishing his state of mind.

testified: "I believe that the disclosures could be relevant to inferring strategies. . . . I think they reveal elements of – potentially reveal elements of strategies." See Ex. 103 (Bessembinder Dep. 5/10/16) 115:15-116:8.

**Response:** Byrnes does not dispute that Dr. Hendrik Bessembinder provided the testimony described in paragraph 4 of Plaintiff's Additional Facts and therefore it violates Local Rule 56.1(b) and should be disregarded.

5. Hrycenko testified that he considered an open interest of 750 or 1,000 contracts on a particular strike to be "a pretty significant position" for his firm. See Ex. 24 (Hrycenko Dep. 11/3/15) 31:16-22.

**Response:** Byrnes does not dispute that Hrycenko provided the testimony described in paragraph 5 of Plaintiff's Additional Facts and therefore it violates Local Rule 56.1(b) and should be disregarded. Byrnes objects to paragraph 5 of Plaintiff's Additional Facts on the grounds that it is hearsay that cannot be presented in admissible form at trial because the witness resides in a foreign country and is outside the Court's jurisdiction. "The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated." Fed. R. Civ. P. 56 advisory comm. note to 2010 amendment. Byrnes further disputes that the existence of this testimony is a material fact.

6. Eibschutz testified at his deposition: "I know that in nat gas, for example, if people know that if [one of the world's largest publicly owned oil and gas companies (hereinafter "Big Oil Company")] is out there they don't want to be on the other side of the trade, for example, things like that, because they don't want to get stuck on anything because they know that's, you know, they got to get out of the way, if you know what I mean." See Ex. 104 (Eibschutz Test. 7/14/11) 115:15-22.

**Response:** Byrnes does not dispute that Eibschutz provided the testimony described in paragraph 6 of Plaintiff's Additional Facts and therefore it violates Local Rule 56.1(b) and should be

disregarded.  Byrnes objects to paragraph 6 of Plaintiff's Additional Facts on the grounds that it contains lay person, opinion testimony, inadmissible pursuant to Fed R. Evid. 701.  Byrnes further disputes that that the existence of this testimony is a material fact.

7. On April 1, 2009, at 2:45pm, Byrnes called Eibschutz and Eibschutz requested information about trades.  Byrnes used NYMEX's proprietary computer systems to look up the information, and disclosed information to Eibschutz about trading by Big Oil Company.  See Ex. 62 (audio recording disc) 13CIV1174-CFTC-0018227; Ex. 72 at 8-9 (transcript of recording with Bates number 13CIV1174-CFTC-0018227).

**Response:**  Byrnes does not dispute paragraph 7 of Plaintiff's Additional Facts and therefore it violates Local Rule 56.1(b) and should be disregarded.

8. On April 3, 2009, Eibschutz called Byrnes and requested information about trades. Byrnes used NYMEX's proprietary computer systems to look up the information, and  disclosed information to Eibschutz about trading by Big Oil Company. See Ex. 62 (audio recording disc) CME-CFTC-SUP-174178; Ex. 73 (transcript of recording with Bates number CME-CFTC-SUP-174178) 6:9 -9:6.

**Response:**  Byrnes does not dispute paragraph 8 of Plaintiff's Additional Facts and therefore it violates Local Rule 56.1(b) and should be disregarded.

9. On March 18, 2009, Eibschutz called Curtin and requested information about trades. Curtin used NYMEX's proprietary computer systems to look up the information, and disclosed information to Eibschutz about trading by Big Oil Company. See Ex. 62 (audio recording disc) CME-CFTC-SUP-174104; Ex. 92 (transcript of recording with Bates number CME-CFTC-SUP-174104) 2:23-5:7.

**Response:**  Byrnes does not dispute paragraph 9 of Plaintiff's Additional and therefore it violates Local Rule 56.1(b) and should be disregarded.

10. Thomas Holleran, a NYMEX executive and former trader, testified at his deposition that it would be "[a]bsolutely" beneficial to BP if BP "knew Hess was doing 'X.'" He testified: "If – if I'm BP and I knew that HETCO was coming in and selling crude cargoes on a daily basis, that helps me in my understanding of what the crude market's doing." He testified that "knowing who participants are in new products" would be "[a]bsolutely" "valuable to a market participant," because it "[e]xpands the world of the counterparties" and "[m]ore counterparties bring more liquidity for trading." He added that a market participant "might not know G, but they might know everybody else, and if they get to G, G might have different prices or different strategies." See Ex. 106 (Holleran Test. 6/14/11) 84:7 -85:16.

**Response:** Byrnes does not dispute that Thomas Holleran provided the testimony described in paragraph 10 of Plaintiff's Additional Facts and therefore it violates Local Rule 56.1(b) and should be disregarded. Byrnes objects to paragraph 10 of Plaintiff's Additional Facts on the grounds that it contains lay person, opinion testimony, inadmissible pursuant to Fed R. Evid. 701. Byrnes further disputes that that the existence of this testimony is a material fact.

11. Holleran testified that "knowing market participants' recent trading activity," and in particular "[k]nowing which direction and which product the customer's trading," would "be valuable to a market participant." He testified: "There's a lot of basis trading going on, spread trading, so one product – activity in one product affects others. . . . If you know the refiner's coming in and buying gasoline, you know that there's something wrong with the refinery output, and you could jump ahead of that. You also know that the crack spreads are going to explode because he's buying gasoline, not crude oil to run through his refinery." See Ex. 106 (Holleran Test. 6/14/11) 86:4-22.

**Response:** Byrnes does not dispute that Thomas Holleran provided the testimony described in paragraph 11 of Plaintiff's Additional Facts and therefore it violates Local Rule 56.1(b) and

should be disregarded.  Byrnes objects to paragraph 11 of Plaintiff's Additional Facts on the grounds that it contains lay person, opinion testimony, inadmissible pursuant to Fed R. Evid. 701.  Byrnes further disputes that that the existence of this testimony is a material fact.

12. Nour Beyhum, a broker of oil options, was asked at his deposition: "If, for example, you learned that entity A was involved in a trade of 100 lots of crude oil on a date certain would that provide you with information about entity A's overall trading strategy?" He responded: "100 lots, no. 100 lots is insignificant. Because 100 lots, I am sorry, I am not belittling it, but it does not tell me anything of a strategy of 100 lots. It could be just managing gamma. 100 lots will not tell me anything. But if it is a few thousand or a thousand it could tell me more about a strategy or a direction of a client, what he believes." Beyhum also answered in the negative when asked if learning that entity A was involved in a trade of 100 lots of crude oil on a date certain would "tell you what that entity's overall position in the market is" or "allow you to know what commodity that entity would trade next," "the quantity of a commodity that the entity will trade next," "the quantity of a commodity that an entity may be holding," or "the entity's overall cash position." See Abernethy Decl. (ECF No. 142), Ex. 11 (Beyhum Dep. 10/14/15) 50:5-51:9.

**Response:**  Byrnes does not dispute that Nour Beyum provided the testimony described in paragraph 12 of Plaintiff's Additional Facts and therefore it violates Local Rule 56.1(b) and should be disregarded.  Byrnes objects to paragraph 12 of Plaintiff's Additional Facts on the grounds that it is hearsay that cannot be presented in admissible form at trial because the witness resides in a foreign country and is outside the Court's jurisdiction.  "The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated."  Fed. R. Civ. P. 56 advisory comm. note to 2010 amendment.  Byrnes further objects to paragraph 12 of Plaintiff's Additional Facts on the grounds that it contains lay person, opinion testimony,

inadmissible pursuant to Fed R. Evid. 701. Byrnes further disputes that the existence of this testimony is a material fact.

13. CME Group's Data Classification Policy classifies as "Highly Sensitive" certain categories of information, including "Trade data that shows proprietary information of market participants that would allow an individual to reconstruct trading records," and then specifies the following information: "trade date; . . . buy/sell indicator; instrument (contract type and month); number of contracts (order quantity); and price." See Ex. 113 (CME Group's Data Classification Policy) p. 6.

**Response:** Byrnes does not dispute paragraph 13 of Plaintiff's Additional Facts and therefore it violates Local Rule 56.1(b) and should be disregarded. Byrnes submits that the documents cited by the CFTC speak for themselves and respectfully refers the Court to the full content of those documents.

14. The CME Group Confidentiality and Data Protection Policy states: "Detailed transaction data – Trade data including order and messaging data at the specific account or customer level, identifying the primary economic terms of a trade, including but not limited to, buy/sell or price information, from which market positions and/or profit and loss might be derived." See Ex. 120 (CME Group Confidentiality and Data Protection Policy) p. 7. Byrnes submits that the documents cited by the CFTC speak for themselves and respectfully refers the Court to the full content of those documents.

**Response:** Byrnes does not dispute paragraph 14 of Plaintiff's Additional Facts and therefore it violates Local Rule 56.1(b) and should be disregarded. Byrnes submits that the documents cited by the CFTC speak for themselves and respectfully refers the Court to the full content of those documents.

15. Dr. Bessembinder identified particular disclosures in the recordings and opined that, for several categories of disclosures (all of which included information about counterparty identity), it was substantially likely that the information that Byrnes or Curtin disclosed to Eibschutz about particular trades would be important to an economically rational trader in making an investment decision: (i) disclosures about economically large options trades, (ii) disclosures about options trades in thinly traded contracts, (iii) disclosures about options trades that are both economically large and thinly traded, (iv) disclosures of trading strategies and financial information, (v) disclosures over multiple trading days, and (vi) disclosures of trades involving market participants viewed as particularly skilled. See Abernethy Decl. (ECF No. 142), Ex. 18 (Bessembinder Report ¶¶ 50-58, 78-82, 59-77, 83-90, 91-100, 101-103).

**Response:** Byrnes does not dispute that the CFTC's expert provided the opinion set forth in summary form in paragraph 15 of Plaintiff's Additional Facts. Therefore it violates Local Rule 56.1(b) and should be disregarded. Byrnes submits that Dr. Bessembinder's Expert Report speaks for itself and respectfully refers the Court to the full content of those documents. Byrnes also disputes that a summary of the CFTC's expert's opinion is a material fact.

16. Dr. Bessembinder listened to the 63 audio recordings of disclosures by Byrnes and 16 audio recordings of disclosures by Curtin identified in the Amended Complaint,[2] reviewed related transcripts, relied on relevant academic literature on topics such as market transparency, and analyzed market data relating to the specific contracts at issue. See Abernethy Decl. (ECF No. 142), Ex. 18 (Bessembinder Report, Appendix B).

**Response:** Byrnes disputes that Dr. Bessembinder reviewed relevant academic literature because none of the literature referenced in his expert report was relevant to the opinion he provided.

---

[2] Dr. Bessembinder also reviewed the additional audio recordings that NYMEX produced after the close of discovery, and they did not change his opinions. It was agreed by the parties that the respective expert reports would cover the new calls, without the need to formally supplement the expert reports.

Byrnes disputes that the materials relied upon by the CFTC's expert witness constitute a material fact.

17.  Silvay repeatedly testified that the basis for his opinions was, simply, his "professional experience." See Ex. 101 (Silvay Dep. 5/12/2016) 73:5-73:13 (basis for his opinion as to whether the information disclosed in the calls would be important to a reasonable person was his personal professional experience); see also Ex. 101 (Silvay Dep 5/12/16) 70:9-24 (basis for his opinion regarding whether the information disclosed was available to the trading public was his personal professional experience); 74:8-16 (in response asking him if he did anything to test his opinions regarding the importance of the disclosed information to a reasonable person, Silvay responded "I just used my personal experience, I'm not sure if that's a test"); 75:16-21 (basis for his opinion that there are no uniquely skilled traders was his personal professional experience); 78:25-79:7 (basis for his opinion that average daily volume and notional value are not useful measures was his personal experience); 80:8-24 (basis for his opinion that "Bessembinder is not familiar with the OTC energy derivative market" was his personal experience).

**Response:**  Byrnes objects to paragraph 17 of Plaintiff's Additional Facts to the extent it characterizes Mr. Silvay's testimony rather than letting the testimony speak for itself.  Byrnes disputes that the existence of this testimony is a material fact.

18.  When asked to elaborate on what he did to form his opinion on whether the disclosed information would be important to a reasonable person, Silvay testified "he applied [his] professional personal experience to the question at hand." Ex. 101 (Silvay Dep. 5/12/16) 73:14-18; see also Ex. 101 (Silvay Dep 5/12/16) 70:17-24 (when asked to elaborate on what he did to form his opinion regarding whether the information disclosed was available to the trading public, Silvay responded "it was my professional personal experience"); 79:8-80:7 (when asked to elaborate on what he did to form his opinion that average daily volume and notional value are not useful

9

measures, Silvay responded the he used his "professional personal experience over the years to come up with that opinion" ).

**Response:** Byrnes objects to paragraph 18 of Plaintiff's Additional Facts to the extent it characterizes Mr. Silvay's testimony rather than letting the testimony speak for itself. Byrnes disputes that the existence of this testimony is a material fact.

19. When asked if he used any particular methodology in forming his opinion as to whether the information disclosed in the calls would be important to a reasonable person, Silvay testified that "[i]f my professional experience is methodology, that's what I did." Ex. 101 (Silvay Dep. 5/12/16) 74:4-7; see also Ex. 101 (Silvay Dep.5/12/16) 70:13-71:22 (the methodology used to determine his opinion regarding whether that the information disclosed was available to the trading public was his personal experience); 75:16-18 (the methodology used to form his opinion that there are no uniquely skilled traders was his personal experience).

**Response:** Byrnes objects to paragraph 19 of Plaintiff's Additional Facts to the extent it characterizes Mr. Silvay's testimony rather than letting the testimony speak for itself. Byrnes disputes that the existence of this testimony is a material fact.

20. Prior to his engagement in this matter, Silvay had never been retained as or testified as an expert in any other matter. See Ex. 101(Silvay Dep. 5/12/16) 8:14-8:19.

**Response:** Byrnes does not dispute paragraph 20 of Plaintiff's Additional Facts and therefore it violates Local Rule 56.1(b) and should be disregarded. Byrnes disputes that Mr. Silvay's background is a material fact.

21. Silvay has not written or published any articles on the topic of materiality in connection with securities trading. See Ex. 101(Silvay Dep. 21:11-18).

**Response:** Byrnes does not dispute paragraph 21 of Plaintiff's Additional Facts and therefore it violates Local Rule 56.1(b) and should be disregarded. Byrnes disputes that Mr. Silvay's background is a material fact.

22. Silvay has never written any articles regarding commodities trading or the Act or Regulations. Ex. 101 (Silvay Dep. 5/12/16) 20:23-21:10

**Response:** Byrnes does not dispute paragraph 22 of Plaintiff's Additional Facts and therefore it violates Local Rule 56.1(b) and should be disregarded. Byrnes disputes that Mr. Silvay's background is a material fact.

23. Silvay's current employer does not conduct any trading on behalf of clients. See. Ex. 101 (Silvay Dep. 5/12/16) 13:4-13:18.

**Response:** Byrnes does not dispute paragraph 23 of Plaintiff's Additional Facts and therefore it violates Local Rule 56.1(b) and should be disregarded. Byrnes disputes that Mr. Silvay's background is a material fact.

24. Silvay derived "probably half" of his income in 2015 from his work as a real estate broker. See Ex. 101 (Silvay Dep.5/12/16) 16:16-19.

**Response:** Byrnes does not dispute paragraph 24 of Plaintiff's Additional Facts and therefore it violates Local Rule 56.1(b) and should be disregarded. Byrnes disputes that Mr. Silvay's background is a material fact.

25. Dr. Bessembinder explains that Silvay's conclusions about materiality are defective because, for instance, they fail to take account of large trade size, or the ability of traders to form views on the market from details about multiple trades, or the significance of information producing only a slight change in a trade's expected profitability. See Abernethy Decl., Ex. 19 (Bessembinder Rebuttal Report ¶¶ 36-38).

**Response:**  Byrnes does not dispute that the CFTC's expert provided the opinion set forth in summary form in paragraph 25 of Plaintiff's Additional Facts.  Therefore it violates Local Rule 56.1(b) and should be disregarded.  Byrnes submits that Dr. Bessembinder's Expert Report speaks for itself and respectfully refers the Court to the full content of those documents.   Byrnes also disputes that a summary of the CFTC's expert's opinion is a material fact.

26. Valery Rouet, who had worked with Eibschutz at Parity described the information he received as "priceless" and "too good to be true" See Ex. 100 (Rouet Dep. 10/13/15) 73:5-20).

**Response:**  Byrnes does not dispute that Valery Rouet provided the testimony described in paragraph 26 of Plaintiff's Additional Facts and therefore it violates Local Rule 56.1(b) and should be disregarded.  Byrnes objects to paragraph 26 of Plaintiff's Additional Facts on the grounds that it is hearsay that cannot be presented in admissible form at trial because the witness resides in a foreign country and is outside the Court's jurisdiction.  "The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated."  Fed. R. Civ. P. 56 advisory comm. note to 2010 amendment.  Byrnes further objects to paragraph 26 of Plaintiff's Additional Facts on the grounds that it contains lay person, opinion testimony, inadmissible pursuant to Fed R. Evid. 701.  Byrnes further disputes that the existence of this testimony is a material fact.

27. Rouet testified that she saw Eibschutz "getting new client[] after new client[] just because his friend works at NYMEX." See Ex. 100. (Rouet Dep. 10/13/15) 75:12-76:4.

**Response:**  Byrnes does not dispute that Valery Rouet provided the testimony described in paragraph 27 of Plaintiff's Additional Facts and therefore it violates Local Rule 56.1(b) and should be disregarded.  Byrnes objects to paragraph 26 of Plaintiff's Additional Facts on the grounds that it is hearsay that cannot be presented in admissible form at trial because the witness resides in a foreign country and is outside the Court's jurisdiction.  "The burden is on the proponent to show that

12

the material is admissible as presented or to explain the admissible form that is anticipated." Fed. R. Civ. P. 56 advisory comm. note to 2010 amendment.  Byrnes further disputes that the existence of this testimony is a material fact.

28.     Rouet testified that she recalled a specific client that Eibschutz obtained as a result of his communications with Byrnes. See Ex. 100 (Rouet Dep. 10/13/15) 85:1- 88:4.

**Response:**  Byrnes does not dispute that Valery Rouet provided the testimony described in paragraph 28 of Plaintiff's Additional Facts and therefore it violates Local Rule 56.1(b) and should be disregarded.  Byrnes objects to paragraph 28 of Plaintiff's Additional Facts on the grounds that it is hearsay that cannot be presented in admissible form at trial because the witness resides in a foreign country and is outside the Court's jurisdiction.  "The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated." Fed. R. Civ. P. 56 advisory comm. note to 2010 amendment.  Byrnes further disputes that the existence of this testimony is a material fact.

29.     The identity of counterparties to specific trades was not known to the public at the time of the disclosures, and so that information was therefore not stale at the time of the disclosures. See Abernethy Decl., Ex. 19 (Bessembinder Rebuttal ¶ 40).

**Response:**  Byrnes disputes paragraph 29 of Plaintiff's Additional Facts on the grounds that it is conclusory, argumentative and is not supported by the evidence cited by Plaintiff.

30.     "Market microstructure" is "the branch of financial economics that investigates trading and the organization of markets." See Ex. 121 (Larry Harris, *Trading and Exchanges* (2003)) p.3.

**Response:**  Byrnes does not dispute paragraph 30 of Plaintiff's Additional Facts and therefore it violates Local Rule 56.1(b) and should be disregarded.  Byrnes disputes that the definition of "Market microstructure" is a material fact.

31. Market microstructure includes the study of market transparency, i.e., "a market attribute that refers to how much information market participants (and potential market participants) possess about the trading process," See Ex. 122 (Joel Hasbrouck, *Empirical Market Microstructure* (2007)) p. 6.

**Response**: Byrnes does not dispute paragraph 31 of Plaintiff's Additional Facts and therefore it violates Local Rule 56.1(b) and should be disregarded. Byrnes disputes that the definition of "Market microstructure" is a material fact.

32. Open interest is the total number of futures contracts long or short in a delivery month or market that has been entered into and not yet offset or fulfilled by delivery. See Ex. 52 (CME Glossary definition of open interest).

**Response**: Byrnes does not dispute paragraph 32 of Plaintiff's Additional Facts and therefore it violates Local Rule 56.1(b) and should be disregarded. Byrnes disputes that the definition of open interest is a material fact.

33. In one recorded call, Eibschutz asked Byrnes for trade information stating: "And who was that? It's in the open interest as $4." See Allgor Decl. Ex. C (13CIV1174-CFTC-0018157, 9:10-11).

**Response**: Byrnes does not dispute paragraph 33 of Plaintiff's Additional Facts and therefore it violates Local Rule 56.1(b) and should be disregarded.

34. Curtin wrote in a 2007 annual employee self-review, "I have sort of become a celebrity throughout the Energy markets and have become the face of NYMEX customer service. My ability to teach staff and customers has helped increase the efficiency of the desk." Ex. 36 (2007 Curtin Self Review) p. 2-3.

**Response**: Byrnes does not dispute that Curtin wrote the sentence quoted in paragraph 34 of Plaintiff's Additional Facts in his 2007 annual employee self-review. Therefore it violates Local

Rule 56.1(b) and should be disregarded. Byrnes disputes that what Curtin wrote in his 2007 annual employee self-review is a material fact.

35. In a 2010 annual employee review Byrnes' supervisor wrote that Byrnes "knows most contract specs from memory" and even "suggested new contracts to the new products team." Ex. 34 (Byrnes 2010 Evaluation) p. 2.

**Response:** Byrnes does not dispute that his supervisor wrote the sentence quoted in paragraph 35 of Plaintiff's Additional Facts in his 2010 annual employee review. Therefore it violates Local Rule 56.1(b) and should be disregarded. Byrnes disputes that what his supervisor wrote in his 2010 annual employee review is a material fact.

36. In one recorded call, Byrnes stated to Eibschutz "It's fun being the gatekeeper, 21 huh?" Eibschutz replied, "Maybe I should become one." Ex. 88 (13CIV1174-CFTC-0018120) 7:10-12.

**Response:** Byrnes does not dispute paragraph 36 of Plaintiff's Additional Facts and therefore it violates Local Rule 56.1(b) and should be disregarded. Byrnes disputes that the statement quoted in paragraph 36 is a material fact.

Dated: New York, New York
April 20, 2016

Respectfully submitted,

HERSKOVITS PLLC

By: _____
Robert L. Herskovits (RH-2586)
Joseph P. Allgor (JA-0798)
1065 Avenue of the Americas
27th Floor
New York, New York 10018
(212) 897-5410
*Attorneys for Defendant William Byrnes*